**In re Richard M. SCANLON and Candace L. Scanlon, Individually and as Husband and Wife, Bankrupts.**

**CODESCO, INC., Plaintiff,**

**v.**

**Richard M. SCANLON and Candace L. Scanlon, Defendants.**

**Bankruptcy Nos. 76–2158 to 76–2160.**

United States Bankruptcy Court, E. D. Pennsylvania.

May 6, 1980.

Charles F. Herr, Lancaster, Pa., for bankrupts.

Charles M. Weisman, Philadelphia, Pa., for Codesco, Inc.

Robert A. Longo, Lancaster, Pa., Trustee.

James S. Sorrentino, Lancaster, Pa., Counsel to trustee.

OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.[1]

On October 5, 1979, this Court entered an Order and Opinion declaring dischargeable a debt scheduled by the bankrupts in the amount of $39,394.57. *In re Scanlon*, 21 CBC 522 (E.D.Pa.1979). The creditor-plaintiff in that previous proceeding, Codesco, Inc. ("Codesco"), had alleged that the debt owed it ought not to be discharged for the reason that the bankrupt had secured the debt by obtaining equipment from Codesco by false pretenses. 11 U.S.C. § 35(a)(2) (1976) (§ 17a(2) of the old Bankruptcy Act, made applicable to this case by virtue of the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, Title IV, § 403(a), 92 *Stat.* 2591 (1978)). The defendant-bankrupts in that proceeding have now filed a motion to tax the "costs" of that proceeding to Codesco, including an attorney's fee.[2] For reasons hereinafter stated, we grant the motion in part and deny it in part.

There is no express statutory provision authorizing a bankruptcy court to tax

an attorney's fee to the losing party in the § 17a(2) context.[3] The editors of *Collier on Bankruptcy* have stated:

> While § 2a(18) does not specifically authorize the taxing of attorney's fees as costs, neither does it prohibit the allowance, and the attorney's fees may be awarded within the exercise of the equitable powers of the bankruptcy court when not inconsistent with the Bankruptcy Act.

1 *Collier on Bankruptcy* ¶ 2.71 at 379 n. 5 (14th ed. 1974).[4] Whether it be under § 2a(18) or under the general equitable powers inherent in a court of bankruptcy, we conclude, that in appropriate circumstances, a reasonable attorney's fee may be taxed against the unsuccessful creditor who has brought a complaint to determine the dischargeability of a debt. *In re Love*, 577 F.2d 344, 351–352 (5th Cir. 1978). *See also In re Swofford*, 112 F.Supp. 893, 895 (D.Minn.1952).

In determining precisely under which circumstances a bankruptcy court ought to award a reasonable attorney's fee, we look

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. At the hearing on the motion, counsel for the bankrupts withdrew any requests for out-of-pocket costs and expenses. Notes of Testimony at 76 [hereinafter cited as N.T.]. Hence the sole issue now before the Court is whether Codesco shall be required to pay attorney's fees incurred by the bankrupts in the previous proceeding to determine the dischargeability of the debt.

3. Section 523(d) of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 523(d) (1979) (effective for most purposes on October 1, 1979) provides:

   (d) If a creditor requests a determination of dischargeability of a *consumer* debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable. [Emphasis added.]

   Although the new Bankruptcy Code is not applicable to cases filed prior to October 1, 1979, the bankrupts argue that the new provision indicates that Congress approves of the awarding of an attorney's fee, even under the

old Bankruptcy Act. Brief of Bankrupts in Support of Motion to Tax Costs at 7. Even if that were so—and we make no finding in that regard—the new provision permitting the awarding of an attorney's fee applies only with respect to *consumer* debts.

   In the case at bar, the debt involved was incurred by the purchase or rental of dental equipment by Dr. Scanlon, a dentist. Such a debt cannot be characterized as a "consumer debt," since "consumer debt" is defined by § 101(7) of the new Bankruptcy Code as a "debt incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(7) (1979). Congressional intent, therefore, under these circumstances, may be the opposite of what bankrupts claim it to be.

4. Section 2a(18) of the old Bankruptcy Act, 11 U.S.C. § 11(a)(18), permits a bankruptcy court to "[t]ax costs and render judgments therefore against the unsuccessful party, against the successful party for cause, in part against each of the parties, and against estates, in proceedings under this [Act]." Generally, it has been held that "costs" does not include "attorney's fee." *See, e. g., In re Eastern Erectors*, 396 F.Supp. 797, 801 (E.D.Pa.1975) and cases cited therein. See also § 2a(15) of the Bankruptcy Act, 11 U.S.C. § 11(a)(15).

to the recent decision by the United States Supreme Court in *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), wherein the Court reaffirmed the "American Rule": "the prevailing litigant is ordinarily not entitled to collect a reasonable attorney's fee from the loser." 421 U.S. at 247, 95 S.Ct. at 1616. The Court did, however, acknowledge the fact that there are certain exceptions to that rule, one of which is "when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . .'" *Id.* at 258–259, 95 S.Ct. at 1622.

*Alyeska* did not involve a bankruptcy proceeding; however, in the § 17a(2) context, the court in *Love* characterized the Supreme Court's *Alyeska* statement as follows: "The Court's reference to the exception where a losing party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons' makes it clear that in such a situation, a court of equity has . . . authority [to award an attorney's fee]." 577 F.2d at 352. The *Love* court agreed with the bankruptcy judge who had awarded an attorney's fee to the prevailing party after having found the plaintiff's complaint to be "frivolous and devoid of merit." 577 F.2d at 348.

In *In re Wray,* 1 CBC 2d 59 (M.D.Tenn. 1979), Bankruptcy Judge Hippe stated that the Court would "entertain an application to include the attorneys' fees incurred by the bankrupt in this [§ 17a(2)] proceeding in the costs and tax same against the plaintiff." 1 CBC 2d at 66. In *Wray,* the judge had found that

> Plaintiff's pursuit of this matter can only be explained by its obstinate refusal to acknowledge that the Bankruptcy Act provides relief from such obligations and/or its desire to harass this bankrupt for seeking relief under this Act, undoubtedly with the expectation that he would be pressured into renewing his obligation with this creditor.

1 CBC 2d at 65–66.

In *In re Mainey,* Bankr. No. BK 71–178 (D.R.I.1972), Bankruptcy Judge Votolato taxed an attorney's fee against the unsuccessful creditor on a § 17a(2) complaint after finding that "[t]here is a complete absence of proof as to *each and every* allegation contained in [the creditor's] application to have this debt declared nondischargeable" [emphasis added]. *Id.* at 11.

The common threads which can be seen running through these cases in which the respective courts either granted or agreed to consider taxing of an attorney's fee against the unsuccessful § 17a(2) creditor are two: 1) The creditor either has offered no proof to support its complaint, or, at least has failed to establish a *prima facie* case with regard to the elements of its cause of action; and 2) the creditor continued in its actions, even in the face of the realization that its proofs not only were weak, but also nonexistent, so that it knew or should have known that no *prima facie* case could be made.

With respect to Dr. Scanlon, we earlier found that the plaintiff had failed to meet its burden of proof with respect to two elements of its § 17a(2) action. *Scanlon, supra* at 198. Because this finding was dispositive of the case, we expressly declined to rule on whether plaintiff had or had not proved the remaining elements necessary to its success. *Id.* Hence, it cannot be said that the result in *Mainey* should follow here: the circumstances and the court's findings are significantly different. We therefore deny the taxing of an attorney's fee against Codesco with respect to any legal service performed on behalf of Dr. Scanlon.

However, with respect to Mrs. Scanlon having been a named defendant, we conclude that Codesco pursued its litigation in bad faith. At the trial of the Codesco complaint to determine the dischargeability of the debt on May 22, 1978, the following dialogue ensued at the close of plaintiff's case:

> MR. HERR [for the defendants]: Your Honor, at this time I move that the objection filed by Codesco be dismissed. The objector clearly hasn't met the burden which the Act and the cases put on an

objector in this situation, and I ask the Court to dismiss the objection at this time, particularly with respect to Mrs. Scanlon, whose name has not been mentioned, as I recall.

THE COURT: Do you have any brief response to that at this time?

MR. WEISMAN [for the plaintiff]: No, your Honor.

THE COURT: I am interested, first of all, as to Mr. Scanlon, your reasons why a prima facie case has been established by the Plaintiff?

MR. WEISMAN: The Defendant consists of three entities: A husband, a wife and a husband and wife. For that reason the Complaint was drafted against both Mr. and Mrs. Scanlon. The fraud may have been committed by Doctor Scanlon only, but the manner in which he chose to file these bankruptcy papers confuses the legal entity of Doctor Scanlon to the extent of his wife's participation or inclusion.

For that reason, we made the claim against both.

MR. HERR: Your Honor, I find it a novel proposition that by a husband and wife jointly filing a Bankruptcy Petition, the wife becomes legally responsible for a debt which she clearly never contracted, was never involved with in any way, shape or form whatever. It's original, I will say that.

THE COURT: Well, I am going to take your Motion, which is made of record, under advisement and allow you to proceed.

N.T. at 45–46 (May 22, 1978).

As the record shows, even after admitting that "fraud may have been committed by Doctor Scanlon only," plaintiff declined to abandon its pursuit of Mrs. Scanlon at that time and pressed its claim against her until decision was rendered by this Court declaring the debt dischargeable as to both Dr. and Mrs. Scanlon.

The creditor contends that because Dr. and Mrs. Scanlon filed a joint petition and schedules, in which the debt to Codesco was listed, it was constrained to file its complaint against both the Scanlons—that, in order to protect its own interest, both Scanlons had to be named as defendants. This is not a persuasive argument.[5]

The debt to Codesco was listed on the bankrupts' Schedule A–3 without any designation of either single or joint liability. The listing of such a debt does not in any way indicate that the liability is a joint one. In addition, the documents attached to the schedules all show that the Codesco debt was contracted in the name of Dr. Scanlon only.

We conclude that Codesco was well aware of the fact that only Dr. Scanlon was legally liable for the debt scheduled by the bankrupts. The testimony adduced at the hearing on plaintiff's dischargeability complaint showed that Codesco's dealings were with Dr. Scanlon. No evidence showing any involvement, either in negotiations or in the signature of documents, of Mrs. Scanlon was presented by the plaintiff at any time.

Therefore, based on the above discussion and on our previous conclusion in the *Scanlon* opinion, ·supra at 525; that "[p]laintiff has offered *no proof* whatsoever of any participation by [Mrs. Scanlon] in the transactions . . . and so had . . . failed in its burden of proof on all elements of the nondischargeability test as to [her]" [emphasis added], we further conclude that plaintiff should be responsible for that portion of the bankrupts' attorney's fee which is directly attributable to legal services performed on behalf of Mrs. Scanlon only, with respect to defense of the complaint to de-

---

5. At the hearing on bankrupts' motion to tax costs, bankrupts' counsel admitted, in response to a question from the Court, that plaintiff's counsel, as a prudent litigator, may have named both bankrupts as defendants to be "safe." N.T. at 79 (December 13, 1979).

The Court understands the problem often confronting the litigator of who to name as a party defendant. The fact that Mrs. Scanlon was named originally as a defendant may have been an entirely appropriate decision by the plaintiff. It is the plaintiff's alleged legally unsupportable pursuit of Mrs. Scanlon as a defendant which gives rise to an argument by her attorney for taxing an attorney's fee against the plaintiff.

termine dischargeability of the debt previously owed to Codesco by Dr. Scanlon.[6]

### ORDER

AND NOW, this 6th day of May, 1980, after hearing and upon consideration of the briefs of the parties and in accordance with the foregoing opinion, it is hereby

ORDERED that the attorney's fee attributable solely to the defense of Candace L. Scanlon in the dischargeability proceeding brought by Codesco, Inc. be and hereby is taxed against Codesco, Inc.

IT IS FURTHER ORDERED that the parties shall be and hereby are given twenty (20) days to determine between themselves the appropriate amount to be paid Mrs. Scanlon's attorney, but, failing such resolution of the matter, the parties shall attend a hearing to determine the proper attorney's fee on Wednesday, June 4, 1980 at 11:00 o'clock A.M., in the United States Bankruptcy Court, 4112 East Shore Office Building, 45 South Front Street, Reading, Pennsylvania 19602.

**6.** To be clear, we reiterate that bankrupts' counsel is entitled to be reimbursed by plaintiff for only those costs attributable to defense in this matter of Mrs. Scanlon alone. For example, if bankrupts' counsel spent one hour researching an issue affecting both bankrupts, he cannot be reimbursed, in whole or in part, for any of such time spent.

In addition, the Court urges counsel for both parties to attempt to reach agreement on the appropriate amount due Mrs. Scanlon's attorney for her defense, so that the time and expense of a further hearing can be avoided.