**In re Alan David LICHSTRAHL, Debtor.**

**BANKERS TRUST COMPANY, Plaintiff,**

v.

**Alan David LICHSTRAHL, Defendant.**

**Bankruptcy No. 82–01748–BKC–TCB.**

**Adv. Nos. 82–1152–BKC–TCB, 82–1153–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Feb. 9, 1983.

Myrna Bricker, Miami, Fla., for debtor-defendant.

Nancy Worth, Coral Gables, Fla., for plaintiff.

## ORDER TAXING COSTS

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor-defendant in each of these proceedings, brought by the same plaintiff, has moved for costs. The motions were heard on February 7. Costs incurred in both matters in the total sum of $329 are assessed against the plaintiff. The debtor also seeks its attorney's fee of $4,125. That application is denied.

The fee application is based upon the power of a federal court of equity to assess fees:

"... when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons ...'" *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975).

In *Matter of Love,* 5 Cir.1978, 577 F.2d 344, 352, the exercise of this power by a bankruptcy court under the former Act was upheld.

The present Act, 11 U.S.C. § 523(d), unlike the previous Act, expressly requires the assessment of the debtor's fees against an unsuccessful plaintiff under limited circumstances:

"If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable."

All parties agree that the debt owed in this case is not a "consumer debt". *In re Scanlon,* Bkrtcy.E.D.Pa.1980, 4 B.R. 197, 198.

Had this provision merely *permitted* assessment of a fee, I would infer a statutory intent to prohibit the assessment of a fee against the losing party under any other circumstances in bankruptcy. Congress has that legislative power and such a provision would clearly reflect that legislative intent. However, this provision *requiring* assessment of a fee in one instance is entirely consistent with discretionary assessment of fees under the principle recognized in *Aleyska* and *Love* and, therefore, did not overrule *Love*. I conclude that this court retains the discretion under the present Act to assess fees against the losing litigant who sued in bad faith.

In this instance, plaintiff's conduct approached but did not reach the point of bad faith.

Case No. 82–1152 opposed discharge under 11 U.S.C. § 727(a)(4)(A), that:

> "the debtor knowingly and fraudulently, in or in connection with the case, (A) made a false oath or account."

The paper thin factual basis for this charge was stated by plaintiff's attorney as follows:

> "Well, in one place he valued the car at $3,000 and in another he takes an exemption for $1,000 and includes the car under that. It appeared to me, from the face of the schedules, that he was making a false oath in one place or the other, and knowing that the car was free and clear, there were no liens listed to the car, I felt that in one place or the other he was contradicting himself and making a false oath." Tr. 7.

The complaint was voluntarily dismissed when trial was called.

Case No. 82–1153 sought exception from discharge for plaintiff's claim of $319,000 on the lease of medical equipment to the debtor. The circumstances are stated in a Memorandum Decision (C.P. No. 28) and need not be repeated here. Judgment was for the debtor. This case, which was weak to begin with, fell apart for the plaintiff when the agent for the leasing company that arranged the transaction surprised plaintiff by his testimony for the debtor.

A claim is colorable and therefore not made in bad faith:

> "... when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim. The question is whether a reasonable attorney could have concluded that facts supporting the claim 'might be established', not whether such facts actually 'had been established'." *Nemeroff v. Abelson,* 2 Cir.1980, 620 F.2d 339, 348.

Although I consider the issue to be marginal, I find the claim in each case to be colorable and, therefore, no basis for an inference of bad faith.