**In the Matter of Donald F. LEE, Bankrupt.**

**Bankruptcy No. B75–3236A.**

United States Bankruptcy Court, N. D. Georgia, Atlanta Division.

Dec. 21, 1979.

Andrew W. Estes, Savannah, Ga., Howell W. Ragsdale, Jr., Atlanta, Ga., for bankrupt.

ORDER DENYING APPLICATION FOR COMPENSATION

HUGH ROBINSON, Bankruptcy Judge.

This matter came before the Court on "Application of bankrupt's attorney for

compensation" filed by the applicant on September 12, 1979. The Court having considered the application and other documents submitted by the applicant and the trustee in bankruptcy, makes the following entry:

## FINDINGS OF FACT

1. Donald F. Lee filed a bankruptcy petition on September 22, 1975.

2. Donald F. Lee employed the law firm Dodd, Driver, Connell & Hughes ("applicant") in August, 1977 to represent him in three contested matters pending before the bankruptcy court.

3. The contested matters consisted of objections to discharge asserted by Kelco Roofing Co., Inc., Eugenia Gary Mesh, and J.R. Hobbs. The complaint of J.R. Hobbs was dismissed with prejudice by Court Order.[1] The other two claims were settled with court approval.[2]

4. On September 12, 1979 the applicant filed an application for compensation in the amount of $4,875.00.

5. James E. Massey, the bankruptcy trustee in this case, does not oppose an award of attorney's fees to the applicant.[3]

## APPLICABLE LAW

There is a split of authority as to whether the bankrupt's attorney may recover compensation from the bankrupt estate for services rendered in defending the bankrupt against objections to his discharge. The applicable bankruptcy provision is Section 64(a)(1) of the Bankruptcy Act, 11 U.S.C. § 104(a)(1) which includes among the debts which have priority one reasonable attorney's fee for professional services actually rendered to the bankrupt in voluntary or involuntary cases.

■ There are two policy considerations involved in this issue. The Bankruptcy Act is designed to provide a means by which the debt-ridden petitioner can obtain

relief from his indebtedness and a fresh start for the future. *In re Jones*, 490 F.2d 452 (5th Cir. 1974); *Rice v. Matthews*, 342 F.2d 301 (5th Cir. 1965); *Hayslip v. Long*, 227 F.2d 550 (5th Cir. 1955). There is also a policy of economy of administration. *In re Rothman*, 85 F.2d 51 (2nd Cir. 1936). The Court cannot allow unnecessary depletion of the bankrupt estate which will detrimentally affect the bankrupt's creditors.

The Supreme Court case *Conrad, Rubin & Lesser v. Pender*, 289 U.S. 472, 53 S.Ct. 703, 77 L.Ed. 1327 (1933) has been relied on by courts which have held that attorneys may be compensated for defending a bankrupt against challenges to his discharge. The issue in that case was the jurisdiction of the referee to examine the payment of legal fees under § 60(d) of the Bankruptcy Act, 11 U.S.C. § 96(d). Comparing § 60(d) with § 64(b)(3), the predecessor to § 64(a)(1), the Supreme Court said, "the services within the latter provision are those rendered in aid of the administration of the estate and the carrying out the provisions of the act." Id. at 476, 53 S.Ct. at 704.

Courts which have allowed compensation to attorneys for defending a bankrupt against objections to discharge have interpreted the Supreme Court phraseology "carrying out the provisions of the act" to include actions taken to insure that the bankrupt obtains a "fresh start" by means of a decree of discharge. The rationale behind allowing compensation is aptly stated by Judge Cyr in the case of *In the Matter of Gray*, 7 CBC 571 (D.Me.1975). There it was said,

"No court constituted a court of equity should constrain itself by a rule of decisional law so insensitive to the dictates of due process as to require that it docket default judgments against impecunious litigants unrepresented by counsel in adversary proceedings postured at the instance of suitors better situated for the

---

1. Order entered May 17, 1978.

2. Orders entered May 18, 1979.

3. The trustee does not oppose any award of attorney's fees provided the fees awarded to the trustee and his counsel, if any, are paid in full prior to the payment of any fees to the bankrupt's attorney.

litigation in every respect, except possibly on the merits. Economy of administration in bankruptcy proceedings is an important, even vital, objective, designed to discourage waste and to deter receiver's generosity on the part of those in positions of responsibility in bankruptcy administration. But it was never intended to entrench overburdened debtors in economic peonage by depriving them of necessary legal representation in pursuit of the only meaningful legal remedy available to them." Id. at 584

The other view which has been adopted by many courts is that the attorney for a bankrupt may be compensated only for services which pertain to the preservation and administration of the bankrupt estate. The granting or denial of a discharge is perceived as a matter personal to the bankrupt and separate from the preservation and administration of the estate. *Lewis v. Fitzgerald*, 295 F.2d 877 (10th Cir. 1961) cert. den. 369 U.S. 828, 82 S.Ct. 845, 7 L.Ed.2d 793 (1962) rev. den., 369 U.S. 882, 82 S.Ct. 1138, 8 L.Ed.2d 284; *In re Rothman*, 85 F.2d 51 (2nd Cir. 1936).

The Fifth Circuit has not directly addressed this particular issue of compensation. However there are indications that the Fifth Circuit would adopt the view of the Second and Tenth Circuit Courts. See *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977) and *In re: Orbit Liquor Store*, 439 F.2d 1351 (5th Cir. 1971). In the *Orbit Liquor Store* case the Court said, ". . . legal services designed to benefit the bankrupt personally may not be compensable out of the estate." p. 1354.

The view espoused by the Second and Tenth Circuit was expressly adopted by Judge Cohen in the case of *In re Joseph Alan Breus*, 4 Bankr. Ct. Dec. 1029 (N.D.Ga. 1978). The opinion states,

"This Court believes that it is not inequitable to have the bankrupt pay for defense of his discharge out of exempt assets or assets acquired after discharge. This is what many bankrupts must do since many bankrupts have few or no nonexempt assets when they file bankruptcy. Furthermore, if there are assets in the estate, it would appear inequitable to allow them to the bankrupt for defense of his discharge but not to the creditor for prosecution of the objection." p. 1301.

This decision was affirmed by the District Court for the Northern District of Georgia in an order entered September 29, 1978.

The Rule of Rothman; supra, denying compensation for the bankrupt's attorney for defending the bankrupt against challenges to his discharge is considered by Collier to be the better rule. It is stated in 3A Collier on Bankruptcy (14th Edition) ¶ 62.31 [3.5] pp. 1605–1608,

"Tested by the aid-to-administration criterion, the services should evidently not be compensated for. Nor does the bankrupt perform a statutory duty when he applies for a discharge . . . The view adopted by Rothman has undoubtedly the advantage not only of clairity and simplicity, but also of absolute consistency with what is considered to be the decisive test, benefit to the administration of the estate. The contrary attitude sacrifices consistency to vague considerations of equity and public policy . . ."

This Court agrees with Collier's position. The Court is not unmindful of the fact that it is often necessary for a bankrupt to defend against objections to his discharge in order to obtain the full benefits of the Bankruptcy Act. However, this benefit is personal to the bankrupt and does not aid the preservation or administration of the bankrupt estate. The estate should not be burdened with the expenses of actions, the benefits of which will not inure to the estate.

## CONCLUSIONS OF LAW

1. The services rendered by the applicant in representing Donald F. Lee with regard to objections to his discharge made by Kelco Roofing Company, Inc., Eugenia Gary Mesh, and J.R. Hobbs provided benefits which were personal to Donald F. Lee.

2. Only those legal services which benefit the estate by assisting its preservation or administration are compensable under Section 64(a)(1) of the Bankruptcy Act, 11 U.S.C. § 104.

As the legal services provided by the applicant did not assist the preservation or administration of the bankrupt estate it is ordered that the "Application of Bankrupt's Attorney for Compensation" be and same is hereby denied.