**In re Ronald J. MEALEY and Elizabeth A. Mealey, Debtors.**

**Ronald J. MEALEY and Elizabeth A. Mealey, Plaintiffs,**

v.

**DEPARTMENT OF the TREASURY Internal Revenue Service and James T. Rideoutte, District Director, Philadelphia District, Defendants.**

**Bankruptcy No. 80–02010K.**

**Adv. No. 81–0838K.**

United States Bankruptcy Court, E. D. Pennsylvania.

Jan. 26, 1982.

David M. Still, Philadelphia, Pa., for debtors/plaintiffs.

Charles Carroll, Chief Dist. Counsel, Internal Revenue Service, Virginia R. Powel, Sp. Asst. U. S. Atty., Philadelphia, Pa., Mark G. Gellar, Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendants.

OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on a complaint by Ronald and Elizabeth Mealey, the debtors, to recover funds held by the Internal Revenue Service. The issue before the Court is whether the retention by the I.R.S. of a tax refund which is due the debtors is a

---

1. See also, Hillman, *U.C.C. Documentation*, 56    N.D.L.Rev. 32, 36 (1980).

setoff in violation of the automatic stay imposed by the Bankruptcy Code. If such retention is an impermissible setoff, there is an issue as to whether an award for damages or the imposition of contempt sanctions against the I.R.S. would be appropriate. Under the facts of this case, the Court concludes that retaining the tax refund is a violation of the automatic stay and, furthermore, that the I.R.S. is in contempt of Court. An appropriate fine will be levied against the I.R.S. and costs will be imposed.[1]

On August 15, 1980, the debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. The Chapter 13 plan was filed on November 25, 1980. On March 6, 1981, the I.R.S. filed a proof of claim which asserted an unsecured priority claim totalling $2,697.35. These claims are based on income tax, interest, and penalty due on the 1977 and 1978 returns of Ronald Mealey and on the 1979 joint return of the debtors.

A joint return was filed by the debtors for the 1980 tax year. The total tax due for the year was $183.14. The sum of $519.10 was withheld from Elizabeth Mealey's earnings. There was also an earned income credit of $278.00. As a result, a refund of $613.96 was due the debtors for the 1980 tax year. The I.R.S. has retained these funds because the debtors owe pre-petition tax liability.

The issue before the Court is whether the I.R.S. has violated the automatic stay by retaining these funds. The debtors allege that the I.R.S. has exercised an impermissible setoff in violation of the automatic stay imposed by § 362 of the Bankruptcy Code.[2] Section 553 preserves the rights of setoff which would otherwise be available to creditors.[3]

The debtors filed a complaint to recover the refund from the I.R.S. on July 17, 1981. At the pre-trial conference, the parties stipulated to waive trial and have the issue decided on the basis of briefs alone.

The I.R.S. admits that the portion of an overpayment on a joint return for a tax liability paid by the wife may not be credited against the separate tax liability of the husband for a prior year. Therefore, the I.R.S. asserts a right to setoff only as to the 1979 tax year; the year in which a joint return was filed. If the I.R.S. had attempted to do otherwise, the mutuality requirement of § 553 of the Code would not be met. The amount retained by I.R.S. exceeds the amount due for the 1979 tax year by approximately ten dollars. The I.R.S. has agreed to refund this excess.

Although § 553 of the Bankruptcy Code allows the setoff of mutual debts, such action is expressly subject to the automatic stay of § 362.[4] Section 362(a)(7) stays the exercise of any pre-petition setoff.[5]

The I.R.S. avers that their action in this case does not amount to a setoff and, therefore, is not stayed. The I.R.S. has placed the funds in a "suspense account" under a "freeze code" pending the lifting of the automatic stay.[6] Therefore, the I.R.S. argues, no setoff has occurred; the Court disagrees.

---

**1.** This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

**2.** Section 362 of the Bankruptcy Code provides in pertinent part that:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor. 11 U.S.C. § 362.

**3.** Section 553 of the Bankruptcy Code provides in pertinent part that:

(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case.... 11 U.S.C. § 553.

**4.** See note 3 *supra*.

**5.** See note 2 *supra*.

**6.** See 11 U.S.C. § 362(c), (d).

The crux of this argument is that the determination of when a setoff occurs is purely an accounting matter. Although the I.R.S. retains the funds and the debtor is denied the use of the funds, the I.R.S. maintains that a setoff does not occur until an appropriate bookkeeping entry is made. This argument exalts form over substance to an impermissible extent.

The crucial element of a setoff is whether the conduct of the creditor constitutes a setoff. *In re Norton*, 15 B.R. 623 (Bkrtcy., E.D.Pa.1981). An artificial measure, such as a bookkeeping entry, cannot be determinative. To rule otherwise would allow a creditor to circumvent the automatic stay by merely delaying the entry of a setoff in his books. The creditor could sit on the funds until the case was closed and then drop them in his pocket, thereby rendering the monies unavailable for distribution to creditors or for use by the debtors in a Chapter 13 plan.

In the *Norton* case, which was factually similar to the instant matter, Judge Goldhaber flatly rejected the same position which the I.R.S. presently advocates. A setoff is deemed to have occurred when the creditor has sufficiently demonstrated an intention to effectuate a setoff. *Norton, supra*. Retention of the refund in this case clearly evidences an intent to apply these funds to a pre-petition debt.

The Court cannot permit such cavalier treatment of the express provisions of the Bankruptcy Code. The I.R.S. is not entitled to retain the refund in such a manner. Such a fund is properly part of the debtor's estate.

The debtors have also requested the Court to find the I.R.S. to be in contempt of Court for the violation of the automatic stay. In order for a party to be held in contempt, the Court must find: that there was a specific and definite order of the court which the party violated, and that the party had actual knowledge of the order. *Fidelity Mortgage Investors v. Camelia Builders*, 550 F.2d 47 (2d Cir. 1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977). The automatic stay provisions are "specific and definite" orders of the Court. *Norton, supra*. Furthermore, the I.R.S. had actual knowledge of such order as evidenced by their conduct in this case. The initiation of the case led to the freezing of the refund. The Court concludes that the I.R.S. is in contempt and should be fined.

The debtors also seek an award of damages from the I.R.S. The Court, however, does not find such an award to be proper under the facts of this case.

Under Rule 920(a)(3) of the Rules of Bankruptcy Procedure, the Court is empowered to impose fines for contempt. In this case, the I.R.S. will be fined $200.00. Under Rule 754, the Court is empowered to award costs. It is the opinion of the Court that attorney's fees of $250.00 will be awarded to counsel for the debtors as a fair and reasonable fee. Furthermore, $60.00 to cover the cost of filing the within complaint is also awarded to the debtors. In conclusion, the I.R.S. will be ordered to refund to the debtors the sum of $613.96.