**In re Thomas HARRIS, Debtor.**

**WATSON DISCOUNT COMPANY, Plaintiff,**

v.

**Thomas HARRIS, Defendant.**

**Bankruptcy No. 81–01218–BKC–TCB. Adv. No. 81–0581–BKC–TCB–A.**

United States Bankruptcy Court, S. D. Florida.

Feb. 12, 1982.

## ORDER DENYING MOTION FOR ATTORNEY'S FEES

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor and his attorney seek assessment of $4,000 costs and attorney's fees against the plaintiff creditor on the ground that plaintiff sued to block his discharge under 11 U.S.C. § 727(a)(2)(A) [fraudulent transfer] and (4)(A) [false oath] and lost. (C.P. No. 14). The motion was heard on February 8.

The debtor wants $500 "costs", which is the sum he paid his attorney for representing him in this action. The attorney values his services between August, 1981, and now

in defending this adversary proceeding, which was not filed until October 30, 1981 and was dismissed on December 16, at $4,000. He estimates that he spent 65 hours on the matter. The application has been opposed on the ground that it is excessive. However, I do not reach that question because I conclude that there is no basis to assess attorney's fees in this case.

■ It is elementary that except under unusual circumstances in equity, which are not present here, recoverable costs do not include attorney's fees unless provided by contract, statute or Rule. 10 *Wright & Miller*, § 2675. There is no contractual basis nor any Rule that supports this application.

■ Movants rely on § 523(d):
"If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding to determine dischargeability, unless such granting of judgment would be clearly inequitable."

It is clear, of course, that this provision does not support a fee application for defeating an action under § 727 to deny discharge. There is no similar provision applicable to actions under § 727.

It is also elementary that the provision in a statute of a remedy under one circumstance but not another is a clear signal that the remedy is available only in the specified circumstance. As stated in *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19, 100 S.Ct. 242, 247, 62 L.Ed.2d 146 (1979):

"... it is an elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it."

As has been recently noted in our circuit, *Rogers v. Frito-Lay, Inc.*, 5 Cir. 1980, 611 F.2d 1074, 1085:

"To determine the message to be found in the void of express Congressional statement, we resort neither to our own notions of sound policy nor to our concept of what best suits the public weal. Where there is silence, as Cannon commands, we seek for affirmative evidence of Congressional intent."

There is no evidence in the legislative history or elsewhere that Congress intended to permit a debtor or his attorney to recover either damages or attorney fees from a defeated adversary except in the specific circumstances provided in § 523(d), quoted above, and in § 303(i)(1)(b), which permits assessment of debtor's attorney fee and damages in unsuccessful involuntary proceedings.

Under the former Act, there was no provision for the recovery of a fee from an opponent. The Bankruptcy Rules permitted the recovery of a fee in an unsuccessful involuntary proceeding, B.R. 115(e), and as a sanction in discovery disputes, B.R. 737. There is, therefore, no basis for the assessment of fees against plaintiff in this case.

Section 330(a)(1) permits the allowance of a fee to the debtor's attorney from the estate:

"... the court may award ... to the debtor's attorney (1) reasonable compensation for actual, necessary services rendered by such ... attorney ...".

Although I have seen no decision passing on the point under this section of the Code, it was almost universally held under a similar provision of the former Act, § 64(a)(1), that this did not include fees incurred for the personal benefit of the debtor, such as the defense of discharge or dischargeability litigation, but only those incurred for the preservation and administration of the bankruptcy estate. In *In re Orbit Liquor Store*, 5 Cir. 1971, 439 F.2d 1351, 1354, the court said:

"... legal services designed to benefit the bankrupt personally may not be compensable out of the estate."

The only other circuits to pass on the point reached the same conclusion and this view is followed in 3A *Collier on Bankruptcy*

**102**

(14th ed.) § 62.31 [3.5]. See *Matter of Lee,* 3 B.R. 15 (Bkrtcy.N.D.Ga.1979), where the precedent under the old Act on this point is accurately reviewed.

Neither the quoted provision in § 330(a)(1) nor its legislative history provide any indication of a change in the law. It is clear to me, therefore, that movants have no claim against either the plaintiff or this estate for attorney's fees in defending this action.

The motion is denied.