In re Lewis HARRIS, Jr. a/k/a Lewis Harris a/k/a Louis Harris and Evett Harris a/k/a Evette Harris, Debtors.

Lewis HARRIS, Jr. and Evett Harris, Plaintiffs,

v.

UNITED STATES GOVERNMENT DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE and James T. Rideoutte, District Director, Philadelphia District, Defendants.

Bankruptcy No. 81–01729G.
Adv. No. 81–0758G.

United States Bankruptcy Court,
E. D. Pennsylvania.

April 30, 1982.

---

David M. Still, Philadelphia, Pa., for debtors, Lewis Harris, Jr. a/k/a Lewis Harris a/k/a Louis Harris and Evett Harris a/k/a Evette Harris.

Peter F. Vaira, U. S. Atty., Virginia R. Powel, Asst. U. S. Atty., Philadelphia, Pa., for defendants, United States Government Dept. of Treasury Internal Revenue Service and James T. Rideoutte, Dist. Director Philadelphia Dist.

James J. O'Connell, Philadelphia, Pa., Trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge:

The instant case is before us on a motion for summary judgment made by the United States of America in a complaint filed by the debtors against the government to compel a turnover of their tax refund. We conclude that the government is not entitled to summary judgment because it has failed to establish that the debtors are not entitled to such a turnover as a matter of law.

The facts of the instant case are as follows:[1] On May 5, 1981, Lewis and Evett Harris ("the debtors") filed a petition for an adjustment of their debts under chapter 13 of the Bankruptcy Code ("the Code"). Prior to that time, the debtors had filed a federal income tax return for the 1980 tax year and had become entitled to a refund of $936.35. On May 25, 1981, the debtors received a notice from the Internal Revenue Service ("the government") that they would not receive their tax refund because it had been applied to taxes due by the debtors for the 1976 tax year. The debtors thereafter made several requests of the government for a release of their tax refund, which requests were denied. Consequently, on July 7, 1981, the debtors filed the instant complaint against the government for a turnover of their tax refund. The government filed an answer to that complaint and a motion for summary judgment. It is the latter motion which is presently before us.

In support of its motion for summary judgment, the government asserts that the debtors' are not entitled to a turnover of their tax refund because the government has a right of setoff against that fund. We agree with the government that § 6402 of the Internal Revenue Code does authorize it to credit an overpayment of a taxpayer against any liability of the taxpayer for taxes.[2] Furthermore, § 553 of the Bankruptcy Code preserves a creditor's right of setoff.[3]

However, that right of setoff is limited by other sections of the Code. In particular, § 362(a)(7) provides for an automatic stay of the exercise of any right of setoff.[4] In the instant case, the government admits that it did commit a "technical violation" of the automatic stay when it applied the

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Section 6402 provides, in part:
   (a) General rule.—In the case of any overpayment, the Secretary or his delegate, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall refund any balance to such person.
   26 U.S.C. § 6402.

3. Section 553 provides, in relevant part:
   (a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case....
   11 U.S.C. § 553.

4. Section 362(a)(7) provides:
   (a) Except as provided in subsection (b) of this section, a petition filed under . section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

   .    .    .    .    .

   (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor.
   11 U.S.C. § 362(a)(7).

debtors' tax refund to their prior tax liability but asserts that that violation occurred only as a result of a delay in its administrative procedures.[5] Despite that violation, the government contends that the court should not direct a turnover of the tax refund because to do so would deprive it of its right of setoff. In support thereof the government cites § 542(b) of the Code which provides:

(b) Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.[6]

■ We conclude that the government's contentions are insufficient to support its motion for summary judgment. In order to grant that motion we must find that the government is entitled to judgment as a matter of law.[7] In the case at bench, we find that the government is not entitled to judgment as a matter of law but, rather, that the debtors have a possibility of succeeding on the merits of their complaint.

First, the government has conceded that it violated the automatic stay by setting off the debtors' tax refund against their 1976 tax liability. In a prior case, we have held the Internal Revenue Service in contempt of court for such action and have, as a remedy, directed that it turn over the tax refund due the debtors.[8] Such a remedy is appropriate in such cases because the Internal Revenue Service persists in following its policy of putting a freeze on the tax refunds of persons filing petitions under the Code, in direct contravention of the automatic stay provisions of the Code.[9] Until the Internal Revenue Service complies with the Code and obtains relief from the stay before it takes actions to freeze a debtor's account, we will continue to enter such turnover orders in cases where they have violated the automatic stay.

■ Second, the government's reliance on § 542(b) of the Code as a prohibition against a turnover order in this case is not well founded. Section 542(b) states that one who owes a debt that is property of the estate *shall* pay that debt to the trustee *except* if the debt may be offset pursuant to § 553.[10] However, that section does not state that the court may not, under certain circumstances, order a turnover of a debt subject to setoff under § 553. We conclude that, where a setoff has occurred in violation of the automatic stay and where such setoffs are part of a stated policy, it is appropriate for us to order a turnover of the funds being held by the creditor.[11]

In light of the above, we conclude that the government is not entitled to summary judgment because there is a possibility that the debtors will succeed in their complaint for a turnover of their tax refund.

5. *See* Memorandum in Support of Motion for Summary Judgment at 4, filed August 10, 1981.

6. 11 U.S.C. § 542(b).

7. *See* Rule 56(c) of the Federal Rules of Civil Procedure which provides in part:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

That rule is made applicable herein by Rule 756 of the Rules of Bankruptcy Procedure.

8. *See*, e.g., *In re Mealey*, 16 B.R. 800 (Bkrtcy., E.D.Pa.1982.)

9. *See, e.g.*, Affidavit of Richard H. Skorny, Advisor to the Special Procedures Staff, Internal Revenue Service, Philadelphia, Pennsylvania, attached to the Memorandum in Support of Motion for Summary Judgment, filed August 10, 1981.

10. *See* text at note 6 *supra*.

11. *Cf. In re Norton*, 15 B.R. 623 (Bkrtcy., E.D. Pa.1981) in which Judge Goldhaber held that, where the debtors' chapter 13 plan provided for the payment of the I.R.S. claim in full over a period of time and that plan had been confirmed, the I.R.S. was bound by the terms of that plan and not entitled to retain the debtors' tax refund. Consequently, Judge Goldhaber ordered the I.R.S. to turn over that refund to the debtors.