In re Jeanell QUARTERMAN, Debtor.

LANDMARK FINANCE CORP.,
Plaintiff,

v.

Jeanell QUARTERMAN, Defendant.

Bankruptcy No. 81–00087A.
Adv. No. 81–0076N.

United States Bankruptcy Court,
N. D. Georgia,
Newnan Division.

July 29, 1982.

Andrew J. Whalen, III, Griffin, Ga., for plaintiff.

Wayne B. Kendall, Griffin, Ga., for defendant.

## ORDER

W. HOMER DRAKE, Bankruptcy Judge.

This case is before the Court on the debtor's application for attorney's fees and costs pursuant to 11 U.S.C. § 523(d). On November 4, 1981, this Court entered an Order in the above-styled adversary proceeding denying the relief requested by the plaintiff's complaint to determine dischargeability of debt. This Order was affirmed by the United States District Court for the Northern District of Georgia on April 1, 1982.

11 U.S.C. § 523(d) provides that:

"If a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment against such creditor and in favor of the debtor the costs of, and a reasonable attorney's fees for, the proceeding to determine dischargeability, unless such granting of a judgment would be clearly inequitable."

The legislative history to § 523(d) of the Bankruptcy Code states that the final version of this Code section represents a compromise between the position taken by the House and Senate on the issue of attorney's fees in false financial statement complaints to determine dischargeability. 124 Cong. Rec.H. 11,096 (Sept. 28, 1978); S. 17,413 (Oct. 6, 1978).

The Senate Report concerning § 523(d) of the Bankruptcy Code provided for the award of costs and attorney's fees "if the court finds that the proceeding was frivolous or not brought by its creditor in good faith." S.Rep.No.95–989, 95th Cong., 2d Sess. (1978) 80, U.S.Code Cong. & Admin. News 1978, pp. 5787, 5866. The House Report on § 523(d) of the Bankruptcy Code stated that the purpose of this provision was to discourage the initiation of false financial statement exceptions to discharge "in the hopes of obtaining a settlement from an honest debtor anxious to save attorney's fees." H.R.Rep.No.95–595, 95th Cong., 1st Sess. (1977) 365, U.S.Code Cong. & Admin.News 1978, pp. 5963, 6321. It is apparent that the clearly inequitable test evolved out of the limitation on the award of attorney's fees as reflected in the House and Senate Reports. However, both the House and Senate Reports indicate that § 523(d) as originally proposed contemplated some abuse of the bankruptcy process by a creditor in order for the award of costs and reasonable attorney's fees to be al-

lowed. The legislative history to § 523(d) of the Bankruptcy Code plays a significant role in framing this Court's interpretation of what is clearly inequitable.

In the instant case, the plaintiff presented a meritorious complaint, brought in good faith, and which did not constitute an abuse of the bankruptcy process. This Court finds that it would be clearly inequitable to award attorney's fees to the defendant under the facts before it.

Therefore, the defendant's application for attorney's fees and costs is denied.

IT IS SO ORDERED.