In re William Henry HAMMETT, Debtor.

UNITED STATES of America, Appellant,

v.

William Henry HAMMETT and James J. O'Connell, Trustee, Appellees.

Civ. A. Nos. 82–4913, 82–4914.

United States District Court, E.D. Pennsylvania.

March 31, 1983.

Virginia R. Powel, Asst. U.S. Atty., Peter F. Vaisa, Jr., U.S. Atty., Philadelphia, Pa., for appellant.

Mitchell Miller, James O'Connell, Philadelphia, Pa., for appellees.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

The United States is appealing the March 31, 1982 order of Bankruptcy Judge William A. King, Jr. to the extent that it awarded $100.00 in attorney's fees to debtor's counsel. After careful review of the parties' arguments, we reverse Judge King's order.

### FACTS

The debtor, William Hammett, filed his petition for relief under Chapter 13 of Title 11, U.S.C. and submitted a plan for the payment of his creditors on August 4, 1980. Prior to confirmation of the plan, appellant Internal Revenue Service ("IRS") filed a proof of claim for the debtor's unpaid 1974 federal income taxes. This claim was denied priority status, see 11 U.S.C. § 507(a)(6), but was allowed in full as an unsecured claim under the debtor's Chapter 13 plan. On May 7, 1981, the plan was confirmed by the Bankruptcy Court. The debtor subsequently filed a tax return for the 1980 tax year which showed that he was entitled to a credit of $211.00. On February 23, 1982, the IRS filed a Complaint to Lift Automatic Stay requesting the court to permit it to offset the refund amount against the debtor's earlier tax liability. The complaint was quashed upon motion of counsel for the debtor on the ground that the IRS failed to follow the Rules of Bank-

ruptcy Procedure. Appellant filed an amended complaint and a trial on this matter was held on April 27, 1982. The Bankruptcy Court concluded that the IRS was bound by the terms of the debtor's plan, *see* 11 U.S.C. § 1327(a), and that retention of the refund amount by the IRS directly contravened the automatic stay provision of 11 U.S.C. § 362(a)(7). The Bankruptcy Court, in orders dated March 31, 1982 and July 27, 1982, directed the IRS to disburse the $211.00 to the debtor and to pay $100.00 in attorney's fees to debtor's counsel. The United States is appealing that part of the March 31, 1982 order which awarded counsel fees against the IRS.

The question presented by this appeal is whether the Bankruptcy Court abused its discretion in awarding attorney's fees against the IRS in an action to quash the government's complaint for failure to comply with the Rules of Bankruptcy Procedure. To answer this question, the court must address two issues. First, whether there is a statute which specifically grants a bankruptcy court the power to award attorney's fees against a governmental unit on the present facts. Second, whether, notwithstanding any applicable statute, the United States had waived its sovereign immunity by filing a complaint to lift the automatic stay. The IRS asserts that, under 11 U.S.C. § 106(c),[1] the Bankruptcy Court did not have the authority to impose an award of attorney's fees on a contempt sanction against an agency of the United States. The IRS relies on the legislative

history of the provision that, "Section 106(c) is included to comply with the requirement in caselaw that an *express* waiver of sovereign immunity is required in order to be effective." 124 Cong.Rec.H. 11, 091 (1978); S. 17, 407 (1978) (emphasis added). The IRS contends that 11 U.S.C. § 105(a),[2] which allows a bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," cannot be construed as an express waiver of sovereign immunity. The IRS argues that section 105(a) is inapplicable to the United States by reason of section 106(c) since the latter provision does not contain the word "creditor," "entity", or "governmental unit". The IRS concludes that, in the absence of any other statute expressly authorizing an award of attorney's fees against the government, the doctrine of sovereign immunity must bar such relief. The debtor claims that the present case is controlled by recent decisions rendered by bankruptcy judges in the Eastern District of Pennsylvania and the District of Idaho. *See Matter of Hackney,* 20 B.R. 158 (Bkrtcy.D.Idaho 1982); *In re Norton,* 15 B.R. 623 (Bkrtcy.E.D.Pa.1981); *In re Mealey,* 16 B.R. 800 (Bkrtcy.E.D.Pa.1981). These decisions hold that where the IRS retains a tax refund after a confirmed Chapter 13 plan is in effect, it is in fact exercising a setoff in violation of section 362(a)(7) which is punishable by contempt.

### ATTORNEY'S FEES

It is clear that there is no provision in the Bankruptcy Act or Rules which expressly

1. Section 106 provides:

   § 106. Waiver of sovereign immunity
   (a) a governmental unit is deemed to have waived sovereign immunity with respect to any claim against such governmental unit that is property of the estate and that arose out of the same transaction or occurrence out of which such governmental unit's claim arose.
   (b) There shall be offset against an allowed claim or interest of a governmental unit any claim against such governmental unit that is property of the estate.
   (c) Except as provided in subsections (a) and (b) of this section and notwithstanding any assertion of sovereign immunity—
   (1) a provision of this title that contains "creditor", "entity", or "governmental unit" applies to governmental units; and

   (2) a determination by the court of an issue arising under such a provision binds governmental units.
   11 U.S.C. § 106.

2. Section 105 provides, in its entirety:

   § 105. Power of Court
   (a) The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.
   (b) Notwithstanding subsection (a) of this section, a bankruptcy court may not appoint a receiver in a case under this title.
   11 U.S.C. § 105.

authorizes an award of attorney's fees on the facts of the present case. Early decisions thus consistently denied the grant of such an award. *See, e.g., Gelson v. Rudin,* 200 F.2d 31 (2d Cir.1952); *In re Borok,* 50 F.2d 75 (2d Cir.1931); *In re Simon,* 279 F. 794 (D.Mass.1922). However, in 1952 a district court affirmed an attorney's fee award on the basis of general equitable principles rather than express statutory language, *In re Swofford,* 112 F.Supp. 893 (D.Minn.1952). The district court in *Swofford* reasoned:

> A bankruptcy court is a court of equity, § 2, 11 U.S.C. § 11, 11 U.S.C.A. § 11 and is guided by equitable doctrines and principles except in so far as they are inconsistent with the Act. *Securities and Exchange Commission v. M.S. Realty & Improvement Co.,* 310 U.S. 434, 455 [60 S.Ct. 1044, 1053, 84 L.Ed. 1293] (1940). Since a general court of equity in a case where the peculiar circumstances warrant may give attorney's fees as *costs* without statutory authority, *see Guardian Trust Co. v. Kansas City Southern Ry. Co.,* 28 F.2d 233 (8th Cir.1928), if the circumstances of the present case so warrant, there is no question of this court's authority to tax the attorney's fees except the query whether application of the equitable doctrine would here be "inconsistent" with the Act. (emphasis added.)

The *Swofford* court concluded that the failure of Congress to expressly provide for attorney's fees in a case where a creditor repossessed a truck in willful violation of bankruptcy proceedings did not, of itself, render a court's use of an equitable doctrine inconsistent with the Act. *See also In re Carico,* 308 F.Supp. 815 (E.D.Va.1970); *In re Yeiser,* 2 B.R. 98 (Bkrtcy.M.D.Tenn.1979). *Cf. In re Casper,* 338 F.Supp. 327 (E.D.Va. 1972) (court has authority to award attorneys' fees, but denied where no bad faith found). *See also Saper v. John Viviane & Sons, Inc.,* 258 F.2d 826, 828 (2nd Cir.1958).

Subsequently, in *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), the Supreme Court reaffirmed the "American rule" in equity cases that, in the absence of a finding of bad faith or willful misconduct, attorney's fees are generally not awardable as costs. The court said:

> Also, a court may assess attorney's fees for the "willful disobedience of a court order ... as part of the fine to be levied on the defendant," *Toledo Scale Co. v. Computing Scale Co.,* 261 U.S. 399, 426–28 [43 S.Ct. 458, 465–466, 67 L.Ed. 719] (1923), *Fleischmann Distilling Corp. v. Maier Brewing Co.,* 386 U.S. 714, 718 [87 S.Ct. 1404, 1407, 18 L.Ed.2d 475] (1967) or when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons..."; *F.D. Rich Co. v. United States,* 417 U.S. 116, 129 [94 S.Ct. 2157, 2165, 40 L.Ed.2d 703] (1974).... These exceptions are unquestionably assertions of inherent power in the courts to allow attorney's fees in particular situations, unless forbidden by Congress.... 421 U.S. at 258–59, 95 S.Ct. at 1622–1623 (citations and footnotes omitted).

■ After *Alyeska,* courts relied on general equitable principles to award attorney's fees as *costs* in "bad faith" and "contempt" situations. *See, e.g. In re Love,* 577 F.2d 344 (5th Cir.1978); *In re Scanlon,* 4 B.R. 197 (Bkrtcy.E.D.Pa.1980). *Cf. In re Fulwiler,* 624 F.2d 908 (9th Cir.1980) (per curiam); *In re New World Inns, Inc.,* 555 F.2d 662 (8th Cir.1977) (court has authority to award attorney's fees, but denied where no bad faith found). It is now well-settled that a bankruptcy court may assess counsel fees against a party who has acted contemptuously or in bad faith. *See, e.g., In re Eastern Erectors, Inc.,* 396 F.Supp. 797 (E.D.Pa. 1975); *In re Harris,* 18 B.R. 100 (Bkrtcy.Fla. 1982); *In re Quarterman,* 22 B.R. 267 (Bkrtcy.Ga.1982); *In re Airspeed Hawaii, Ltd.,* 17 B.R. 510 (Bkrtcy.Haw.1982); *In re Southern Pipeline Corp.,* 22 B.R. 671 (Bkrtcy.Mass.1982); *In re Valley,* 21 B.R. 674 (Bkrtcy.Mass.1982); *In re Rauch,* 18 B.R. 99 (Bkrtcy.Mo.1982); *In re McGowan,* 18 B.R. 981 (Bkrtcy.N.Y.1982); *In re Vaniman Intern, Inc.,* 22 B.R. 166 (Bkrtcy.N.Y. 1982); *Matter of Abel,* 17 B.R. 424 (D.Md. 1981); *In re Augustino Enterprises, Inc.,* 13 B.R. 210 (Bkrtcy.Mass.1981); *In re Miller,* 14 B.R. 443 (Bkrtcy.N.Y.1981); *In re Mos-*

kowitz, 15 B.R. 790 (Bkrtcy.N.Y.1981); *In re Gibson*, 16 B.R. 682 (Bkrtcy.Ohio 1981); *In re Arzola*, 11 B.R. 766 (Bkrtcy.P.R.1981); *In re Ratmansky*, 2 B.R. 527 (Bkrtcy.E.D. Pa.1980).

■ This court notes, however, that the previously cited decisions dealt almost exclusively with situations in which a creditor clearly violated a bankrupt debtor's rights. For example, the creditor either brought a groundless suit objecting to the debtor's discharge, see 11 U.S.C. § 523(d), sued on a discharged debt, see 11 U.S.C. §§ 524(a)(2), or ignored or willfully violated the automatic stay, see 11 U.S.C. § 362. Here the debtor claims that the IRS, by retaining the $211.00 tax credit, exercised a setoff in violation of the automatic stay. The debtor supports his claim by referring this court to three recent bankruptcy court decisions. *Matter of Hackney*, 20 B.R. 158 (Bkrtcy.D. Idaho 1982); *In re Norton*, 15 B.R. 623 (Bkrtcy.E.D.Pa.1981); *In re Mealey*, 16 B.R. 800 (Bkrtcy.E.D.Pa.1981). These cases held that the "retainage" by the IRS of a debtor's tax refund was a setoff in violation of 11 U.S.C. § 362(a)(7) and was punishable by a fine for *contempt*. The IRS, on the other hand, argues that it has the right to retain the refund amount *if* it simultaneously petitions the court for relief from the automatic stay. The government's argument is supported by two Arkansas cases which held that the IRS could exercise a right of setoff after a Chapter 13 plan was in effect. *See In re Murry*, 15 B.R. 325 (Bkrtcy.E.D.Ark. 1981); *In re Lawrence*, 19 B.R. 627 (Bkrtcy. E.D.Ark.1981). The IRS therefore appeals the award of attorney's fees under the general rule that, "A litigant should not be punished under the guise of an award of counsel fees for taking a position in court in which he honestly believes—however lacking that position may be." *Matter of Abel*, 17 B.R. 424, 427 (D.Md.1981) *citing Newman v. Piggie Park Enterprises, Inc.*, 377

F.2d 433 (4th Cir.1967). The government's contention that counsel fees should not be granted where a party's argument is not without substance or is not based on a totally specious reading of a statute is well-established by judicial precedent. *See, e.g., Matter of New World Inns, Inc.*, 555 F.2d 662 (8th Cir.1977); *Newman v. Piggie Park Enterprises, Inc.*, 377 F.2d 433 (4th Cir. 1967); *Matter of Noonan*, 17 B.R. 793 (Bkrtcy.N.Y.1982); *In re Wilson*, 19 B.R. 45 (Bkrtcy.Md.1981). This court, therefore, must decide whether the IRS was sufficiently motivated by a reasonable belief that it was entitled to setoff the $211.00 tax credit or whether its purpose in seeking a lift of the automatic stay was to harass the debtor. The decisions upon which the debtor primarily relies based their award of attorney's fees on a finding that the IRS willfully violated the automatic stay provision. In the instant case, however, the Bankruptcy Court did not make a finding of bad faith or contemptuous conduct by the IRS. The court stated, "In attempting to seize this refund, the IRS has acted in direct contravention of both the letter and spirit of the Bankruptcy Code." Order of Bankruptcy Judge William A. King, Jr. dated July 27, 1982. This court, therefore, must address the parties' arguments in light of controlling equitable principles. These principles mandate that an award of attorney's fees be predicated on a prior determination of bad faith or gross misconduct by the losing party.

The debtor broadly accuses the IRS of "unlawful tactics" since the government filed a complaint to lift the automatic stay *after* the debtor's Chapter 13 plan had been confirmed.[3] The debtor relies on sections 1327(a), 362(a)(7) and 553(a) of The Bankruptcy Code to support his "bad faith" argument. These sections provide:

> 1327(a). The provisions of a confirmed plan bind the debtor and each creditor,

---

**3.** We note that the debtor accuses the IRS of "malevolent and contemptuous" conduct when the IRS filed a second proof of secured claim in December of 1981. The debtor argues that the purpose of this second filing was to include information about the government's asserted

right to setoff the $211.00 tax credit. Our analysis of this appeal, however, is limited to the actions by the IRS which directly resulted in an imposition of counsel fees. Those actions are reflected in the government's complaint seeking relief from the automatic stay.

whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

362(a)(7). ... a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor.

553(a). Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case. . . .

The debtor points out that under his confirmed Chapter 13 plan the IRS will receive full payment of the debtor's 1974 tax liabilities. Furthermore, the debtor alleges that his right to a refund did not arise until eight months after he filed his petition. Accordingly, the debtor contends that the IRS had no right of setoff to be preserved by section 553 since that provision only permits the setoff of mutual debts "that arose *before* the commencement of the case." 11 U.S.C. § 553(a) (emphasis added). The debtor concludes that if no right of setoff exists, there is no basis for the court to lift the automatic stay and that the filing of a complaint to obtain such relief amounts to "unlawful tactics" by the IRS. These tactics, according to the debtor, are punishable by an award of counsel fees against the government.

In addition to the statutory authority, the debtor relies on three recent Bankruptcy Court decisions, *Matter of Hackney,* 20 B.R. 158 (Bkrtcy.D.Idaho 1982); *In re Norton,* 15 B.R. 623 (Bkrtcy.E.D.Pa.1981); *In re Mealey,* 16 B.R. 800 (Bkrtcy.E.D.Pa.1981). Those courts held that where the IRS fails to petition for relief from the stay and retains a tax refund, it is exercising a setoff in violation of section 362(a)(7) which is

punishable by contempt. As a penalty for violation of the stay, the courts ordered the IRS to pay a reasonable fee to debtor's counsel. In each case the debtors had a confirmed Chapter 13 plan which provided for the payment of the IRS claim in full during the life of the plan. Although these decisions are persuasive, the debtor has failed to address two Arkansas cases which are contrary to those previously cited. *See In re Murry,* 15 B.R. 325 (Bkrtcy.E.D.Ark. 1981); *In re Lawrence,* 19 B.R. 627 (Bkrtcy. E.D.Ark.1981). In the Arkansas cases, the courts found, without discussing the impact of section 1327(a), that the government could retain a tax refund after a Chapter 13 plan was in effect. Those courts reasoned that the turnover of the refund amount without a corresponding setoff would result in an inequitable windfall to the debtor. The debtor also fails to address the government's argument that the debtor's 1980 overpayment was sufficiently rooted in the debtor's pre-bankruptcy past as to permit the IRS, at the least, to setoff a proportionate amount of the refund. *See Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966); *In re Doan,* 672 F.2d 831 (11th Cir.1982); *In re Griffin,* 1 B.R. 653 (Bkrtcy.M.D.Tenn.1979); *In re Bathrick,* 1 B.R. 428 (Bkrtcy.S.D.Tex.1979). The legislative history to 11 U.S.C. § 541, which defines what constitutes "property of the estate," indicates that the *Segal v. Rochelle* rationale has been incorporated into the Bankruptcy Code. H.R.Rep. No. 595, 95th Cong., 1st Sess. 367–368 (1977); S.Rep. No. 989, 95th Cong.2d Sess. 82–83 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787. *See also In re Wilson,* 29 B.R. 54, Bankruptcy No. AP 81–537, decided by Bankruptcy Judge Charles W. Baker in the Western District of Arkansas on January 8, 1982. Judge Baker held that the IRS was entitled to offset a pro-rata portion of a tax refund due the debtor. The court reasoned that although the tax refund was an inchoate right at the time of the filing of the debtor's Chapter 13 petition, "it would be anomalous to now hold that it concurrently lacked sufficient specificity and mutuality to permit an offset by the United States under 11 U.S.C. § 553." At 58.

As has been stated before, the test of a finding of bad faith or contemptuous conduct is whether a party has proceeded, not with the intent to achieve a favorable judicial determination, but only to delay and harass his opponent. It is apparent from the foregoing authorities that there is a conflict in the bankruptcy courts as to whether the IRS has the right to retain a tax refund pending the outcome of a petition for relief from the automatic stay. In light of this conflict, we conclude that the government's argument was not without substance and was not based on a wholly specious reading of the statute. *See Matter of New World Inns, Inc.,* 555 F.2d 662 (8th Cir.1977); *Newman v. Piggie Park Enterprises, Inc.,* 377 F.2d 433 (4th Cir.1967); *Matter of Noonan,* 17 B.R. 793 (Bkrtcy.N.Y. 1982); *In re Wilson,* 19 B.R. 45 (Bkrtcy.E.D. Pa.1982). *See also In re Carpenter,* 14 B.R. 405 (Bkrtcy.Tenn.1981) (no violation of automatic stay where bank put a freeze on the debtor's account if the bank promptly files a complaint for relief from the stay). As a result, we find that the IRS was not motivated by an intent other than that of lawfully setting off the $211.00 tax credit. The debtor thus has failed to carry his burden of showing bad faith or gross misconduct by the government. Such a showing is necessary for an award of attorney's fees under general equitable principles.

Since we cannot sustain the lower court's award on the authority of express statutory language or general equitable principles where there has been no showing of bad faith, the court must turn to the scope and effect of 11 U.S.C. § 105.. Section 105(a) broadly defines the power of bankruptcy courts to include the issuance of "any order,

process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The legislative history to section 105(a) is silent on the question of whether this provision authorizes an award of attorney's fees against a governmental unit in an action to quash a complaint for failure to comply with procedural rules. Similarly, the debtor has referred this court to only one decision which specifically cites section 105(a) as authority for an award of counsel fees. *In re Norton,* 15 B.R. 623, 626 (Bkrtcy.E.D.Pa.1981). The other cited cases involving analogous factual situations rely on contempt sanctions and Rule 920(a)(3) of the Rules of Bankruptcy Procedure to uphold such an award. *See Matter of Hackney,* 20 B.R. 158 (Bkrtcy.D. Idaho 1982); *In re Mealey,* 16 B.R. 800 (Bkrtcy.E.D.Pa.1981). Rule 920(a)(3) permits a bankruptcy judge to impose a fine of not more than $25.00 "as punishment for any contempt."

The most persuasive case for the debtor is *In re Norton,* 15 B.R. 623 (Bkrtcy.E.D.Pa. 1981). In *Norton,* Judge Goldhaber found the IRS in contempt where the agency had retained the debtor's tax refund *without seeking prior relief from the automatic stay.* Upon a finding of contempt, the Bankruptcy Court invoked both section 105(a) and Rule 920(a)(3) to assess a fine against the IRS. In similar cases, *Matter of Hackney,* 20 B.R. 158 (Bkrtcy.D.Idaho 1982) and *In re Harris,* 19 B.R. 624 (Bkrtcy. E.D.Pa.1982), the respective bankruptcy courts again found the IRS in contempt for setting off a tax refund where the IRS had not first petitioned the court for relief from the section 362(a)(7) stay.[4] It is clear from

4. At this point the court will briefly address the Pennsylvania cases upon which the debtor directly or indirectly relies. In *In re Harris,* 19 B.R. 624 (Bkrtcy.E.D.Pa.1982), Judge King ordered the IRS to turnover a tax refund due the debtors "because the Internal Revenue Service persists in following its policy of putting a freeze on the tax refunds of persons filing petitions under the Code, in direct contravention of the automatic stay provisions of the Code." *Id.* at 626. Judge King continued that, "Until the Internal Revenue Service complies with the Code and *obtains relief from the stay before it*

takes actions to freeze a debtor's account, we will continue to enter such turnover orders in cases where they have violated the automatic stay." *Id.* Similarly, Judge Goldhaber in *In re Norton,* 15 B.R. 623 (Bkrtcy.E.D.Pa.1981) and Judge King in *In re Mealey,* 16 B.R. 800 (Bkrtcy.E.D.Pa.1981) held that where the IRS fails to seek relief from the stay and retains a tax refund, it is exercising a setoff in violation of section 362(a)(7). In this court's view, these cases more accurately stand for the proposition that a setoff is accomplished when a creditor evidences a sufficient *intent* to make a setoff.

these decisions that, notwithstanding section 105(a), a finding of contempt will support an award of attorney's fees under Rule 920(a)(3). The question in the case *sub judice* is whether a contempt finding is appropriate.

■ It is generally held that a party is in contempt of court if (1) there is a "specific and definite" order of the court which that party has violated and (2) the party had actual knowledge of that order. *See, e.g., Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47 (2nd Cir.1976), *cert. denied,* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977); *United States v. Christie Industries, Inc.,* 465 F.2d 1002 (3d Cir. 1972); *In re Mealey,* 16 B.R. 800 (Bkrtcy.E. D.Pa.1982); *In re Norton,* 15 B.R. 623 (Bkrtcy.E.D.Pa.1981). The automatic stay provisions of 11 U.S.C. § 362 are "specific and definite" orders of the court. *See, e.g., In re Mealey, supra; In re Miller,* 10 B.R. 778 (Bkrtcy.D.Md.1981); *In re Norton, supra; In re Abt,* 2 B.R. 323 (Bkrtcy.E.D.Pa. 1980). *Cf. Fidelity Mortgage Investors v. Camelia Builders, Inc., supra* (party held in contempt for violation of automatic stay provision of Rule 11–44 of the Rules of Bankruptcy Procedure). In addition, it is uncontroverted that the IRS had actual knowledge of the debtor's filing under Chapter 13 and of the applicability of the stay provisions at the time it retained the debtor's tax refund. We must determine, therefore, whether the agency's *prior* attempt to lift the automatic stay distinguishes this case from those relied on by the debtor. In other words, this court must decide whether the government's petition for relief from the stay precludes an award of attorney's fees on the basis of contempt

where the IRS' actions did not amount to bad faith or gross misconduct.

■ The legislative history of section 362 indicates that the purpose of the stay provisions, as regards Chapter 13 proceedings, is to allow the trustee to have an opportunity to inventory the debtor's position before proceeding with the administration of the case. *See* S.Rep. No. 959, 95th Cong., 2d Sess. 50, *reprinted in* [1978] U.S.Code Cong. & Ad.News 5787 at 5836. The drafters intended § 362(a)(7) as a mere stay of a creditor's enforcement of his setoff rights and not an evisceration of the substantive right itself. *Id.* at 51, *reprinted in* [1978] U.S.Code Cong. & Ad.News, 5837. *See also* 11 U.S.C. § 553. As stated in the House Report to section 362, "The stay is finely tuned. It is not overbroad and . . . it operates only as a procedural delay. The creditor remains entitled to full satisfaction." H.R.Rep. No. 595, p. 123, [1978] U.S.Code Cong. & Ad.News 5963 at 6084. In light of our prior determination that the IRS did not act in bad faith where its argument in favor of setting off the debtor's refund was not "wholly without substance," we find that a contempt sanction in the present circumstances would be inappropriate to carry out the stay provisions of the Bankruptcy Code. The IRS should not be penalized for taking a position in court where the debtor has failed to make a showing of bad faith or gross misconduct by the government.

## WAIVER OF SOVEREIGN IMMUNITY

Although the government argues that it is immune from the payment of attorney's

In *Norton* and *Mealey* the IRS argued that it had not offset the debtor's refund since no bookkeeping entry had been made. *See also Matter of Hackney,* 20 B.R. 158 (Bkrtcy.D.Idaho 1982) and *In re Murry,* 15 B.R. 355 (Bkrtcy. E.D.Ark.1981) wherein the parties litigated the issue of *when* a setoff actually occurs. With the exception of *Murry,* the courts have consistently rejected arguments based on bookkeeping entries or "retainage" of a refund pursuant to section 6402 of the Internal Revenue Code. The courts have held that "sufficient evidence of intent" is established where the

IRS in fact sets off a tax refund *without first petitioning the bankruptcy court for relief from the automatic stay. See In re Norton,* supra at 626; *In re Mealey,* supra at 802. On facts substantially analogous to ours, a Bankruptcy Court in Tennessee held that there was no violation of the automatic stay where a bank had placed a "freeze" on a debtor's account but had promptly filed a complaint for relief from the stay. We find that these factors distinguish the Pennsylvania cases from that presently before this court.

fees under the doctrine of sovereign immunity, because we have determined that there was no willful violation of the automatic stay, this court need not reach the issue as to whether or not the government waived its sovereign immunity.