## H & H BEVERAGE DISTRIBUTORS, INC., et al.

v.

## DEPARTMENT OF REVENUE OF the COMMONWEALTH OF PENNSYLVANIA.

### Civ. A. No. 86–3772.

United States District Court, E.D. Pennsylvania.

Oct. 8, 1987.

---

J. Raymond Munholland, Erdenheim, Pa., Andrew F. Litvin, Deputy Atty. Gen., Philadelphia, Pa., for plaintiffs.

Thomas A. Guise, Deputy in Charge of Bankruptcy Operations, Philadelphia, Pa., for defendants.

## MEMORANDUM

GILES, District Judge.

Appellee, H & H Beverage Distributors, Inc., filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 20, 1984, and was granted debtor-in-possession status. In August of 1984, Appellant, Department of Revenue of the Commonwealth of Pennsylvania, conducted a sales tax audit of Appellee for the years 1981–1984. Appellant then sent Appellee a "Notice of Audit Assessment." (Record of Appeal, Exhibit A). The notice stated that Appellee owed $162,981.16 and was labelled a "Final Assessment." The notice further stated that a lien certificate would be filed with the Prothonotary of Philadelphia County unless the taxes were paid within thirty days or a Notice of Intent to Appeal was filed within such time. Appellee filed such a Notice of Intent to Appeal.

On January 16, 1986, Appellee filed a Complaint with the bankruptcy court against Appellant. The Complaint sought to set aside the tax assessment and to strike any lien arising from the assessment or, in the alternative, to have the bankruptcy court determine the amount of tax due. Appellee also requested that the court award attorney fees and costs.

The bankruptcy court held on May 21, 1986, that the sales tax audit was in violation of the automatic stay of 11 U.S.C. section 362(a) and that the assessment of additional sales taxes, penalties and interest against the Appellant in the amount of $162,981.16 as a result of the audit was in violation of the automatic stay. Finally, it held that these violations of the stay were made with knowledge of the filing of the bankruptcy petition, thereby entitling the debtor to attorney fees and costs. (Order of May 21, 1986).

## DISCUSSION

I. Appellant Violated the Automatic Stay Provision of the Bankruptcy Code

A. *The Audit*

■ Appellee contends that the sales tax audit violated the automatic stay provision

of the Bankruptcy Code.[1] Appellant counters that the audit was allowed under 11 U.S.C. section 1106(a)(6). This section provides that a trustee shall:

> for any year for which the debtor has not filed a tax return required by law, furnish, without personal liability, such information as may be required by the governmental unit.

.    .    .    .    .

Appellant argues that an audit by the governmental unit also falls within this Subsection.

Appellant's audit of Appellee cannot, however, be viewed alone. The audit was conducted, a final assessment made, and a Notice of Audit Assessment sent to Appellee. (Record, Exhibit A). These actions were the statutory prerequisites to the creation of a lien under the Pennsylvania Tax Code, 72 P.S. Section 7231(c). As such, they violated Section 362(a)(4) and Section 362(a)(5) which forbid any acts toward the creation of a lien against property of the debtor. *See* footnote 1, *supra.*

### B. *The Notice of Audit Assessment*

█ Appellant argues that the Notice of Audit Assessment did not violate the automatic stay because it falls under the exception of 11 U.S.C. Section 362(b)(9). Subsection (b)(9) provides that the filing of a bankruptcy petition does not stay "the issuance to the debtor by a governmental unit of a notice of tax deficiency." In a recent case, the court held that a similar "notice of assessment/determination" sent to a debtor fell under the exception of Subsection (b)(9). *In re Fasgo,* No. 86–1995, slip op. (E.D.Pa. Sept. 30, 1986) [Available on WESTLAW, FBKR–CS database]. There, however, Judge Newcomer found that the notice of assessment did not "in and of itself result in the liability being collected from or levied upon the debtor or the enforcement of a lien upon the debtor's property." The court noted that there was no statute to convert the tax deficiency into a lien and that the Commonwealth had to obtain a writ of scire facias in state court before any action could be taken. *In re Fasgo,* No. 86–1995, slip op. at 4.

In the present case, the Notice of Audit Assessment clearly stated that a certificate of lien would be filed with the prothonotary of the debtor's county unless the debtor paid the debt or sought review. The lien would be automatically created absent action by the debtor. (Record of Appeal, Exhibit A). The purpose of the automatic stay provision is to give "the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment and all foreclosure actions." Notes of Committee on the Judiciary, Senate Report No. 95–989. Notice requirement that Appellee pay the debt or seek immediate review in order to avoid a lien interfered with this basic purpose. It far surpassed the limits of a notice of tax deficiency and constituted an act towards the creation of a lien. As such, it violated the automatic stay provision of Section 362(a)(4) and (a)(5).

### C. *Appellee is Entitled to Costs and Attorney Fees*

Appellant, citing *In re Hammett,* 28 B.R. 1012 (E.D.Pa.1983), argues that attorney fees cannot be awarded in the absence of bad faith or misconduct. Contrary to appellant's argument, that case is inapposite. The court in *In re Hammett* held that an award of attorney fees must be based on bad faith or gross misconduct where there was no provision in the Bankruptcy Act which expressly authorized an award of attorney fees. *Id.,* at 1015. Here, there is a specific statutory provision for attorney

---

1.  § 362.  Automatic stay.

    (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entitites, of—

    \* \* \*

    (4) any act to create, perfect, or enforce any lien against property of the estate;

    (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

    (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

    \* \* \*

fees where an automatic stay is violated. It requires only a "willful violation of a stay." 11 U.S.C. section 362(h).

 Violation of an automatic stay with the knowledge that a bankruptcy petition has been filed constitutes a "willful" act. The court may assess fines and award counsel fees to compensate the debtor for bringing the action to enforce his or her rights under the Bankruptcy Act. *In re Demp,* 23 B.R. 239 (E.D.Pa.1982); *Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47 (2nd Cir.1976). The bankruptcy court found that Appellant had knowledge of Appellee's bankruptcy petition. (Order of May 21, 1986). This court has no basis for overturning that court's finding without evidence that its conclusion was clearly erroneous. No such evidence exists. Therefore, the bankruptcy court's Order of May 21, 1986, is AFFIRMED.