In re AIRSPEED HAWAII, LTD., Debtor.

Bankruptcy No. 80–00523.

United States Bankruptcy Court, D. Hawaii.

Jan. 5, 1982.

Erik Zen, Honolulu, Hawaii, for applicant.

Stephen Nordyke, Honolulu, Hawaii, for debtor.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER DENYING ATTORNEY'S FEES; GRANTING COSTS

JON J. CHINEN, Bankruptcy Judge.

This order deals with the Motion for Taxation of Fees and Reimbursement of Costs filed on September 12, 1980, by Erik R. Zen, attorney for Gary Patton, Terry L. Van Dien, and David Chabriel. A supplemental affidavit requesting additional attorney's fees and reimbursement of costs was filed on October 21, 1980.

A hearing on this motion and supplemental affidavit was held before this Court on December 12, 1980. Attorney Erik R. Zen represented the movant and attorney Dana Smith represented the Debtor, Airspeed Hawaii, Ltd.

Upon review of this motion and based on the evidence adduced, arguments of counsel and the memoranda and records herein, the Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. An original petition under Chapter 11 of the Bankruptcy Code was filed herein by Airspeed Hawaii, Ltd., hereinafter "Debtor", on August 21, 1980.

2. On August 28, 1980, the Debtor filed a Motion for a Temporary Restraining Order and two supporting affidavits. The Debtor sought to enjoin Gary Patton, Terry L. Van Dien and David Chabriel, who were former employees of the Debtor and doing business as "Air Pegasus" and/or "Lagoon Air", from soliciting, contacting, or accepting business from the regular customers of Airspeed Hawaii, Ltd.

3. On August 29, 1980, the Court issued a temporary restraining order. The Order stated in part:

IT IS HEREBY ORDERED that, GARY PATTON, TERRY L. VAN DIEN, DAVID CHABRIEL, "Air Pegasus" and/or "Lagoon Air", and those persons in active concert or participation with them be, and they hereby are enjoined and restrained from contacting, soliciting or doing business with any persons or companies known by PATTON, VAN DIEN, or CHABRIEL to have been employees or customers of AIRSPEED HAWAII, LTD., as of July 1980, for a period of ten days following the issuance hereof, or until a motion for a Preliminary Injunction can be heard.

4. On September 4, 1980, Gary Patton, Terry L. Van Dien and David Chabriel, hereinafter "Defendants" filed a Motion to Dissolve the Temporary Restraining Order and a Memorandum in Support of Motion to Strike Affidavit of Boyd Prince II, president of Airspeed Hawaii, Ltd.

5. A hearing on the Motion to Dissolve the Temporary Restraining Order was held

before the Court on September 5, 1980. Erik Zen appeared as counsel on behalf of Defendants. Stephen Nordyke appeared as counsel on behalf of Debtor. At the hearing it was brought to the Court's attention that the Defendants, although given general notice of the Motion for Temporary Restraining Order, were not informed of the deadline by which opposition to the Motion for Temporary Restraining Order could be made. In addition, the Debtor had not filed a complaint for injunctive relief. Upon consideration of these factors the Court granted the Motion to Dissolve the Temporary Restraining Order.

6. On September 15, 1980, the Court issued a written order dismissing the Temporary Restraining Order. The basis for the order is stated as follows:

WHEREAS, Plaintiff had not filed its Complaint for injunctive relief as required by the Rules of Bankruptcy Procedure.

WHEREAS, Plaintiff through its counsel failed to adequately notify Defendants of the date and time by which they could object to the issuance of the temporary restraining order.

7. On September 12, 1980, the Defendants filed a Motion for Taxation of Fees and Reimbursement of Costs. The total amount sought by Defendants for attorneys' fees and costs is $4,330.56.

8. A supplemental affidavit was filed on October 21, 1980, by Defendants requesting additional attorney's fees and costs in the amount of $939.28.

9. On December 12, 1980, a hearing on the Motion for Taxation of Fees and Costs and the supplemental affidavit was held. Erik Zen appeared on behalf of the Defendants and Dana Smith appeared on behalf of the Debtor and law firm of Rohlfing, Smith and Coates. Debtor made the following objections to the motion:

a. Attorney's fees are not included as costs under Bankruptcy Rule 754.

b. Attorney's fees should not be awarded as there has been no showing of bad faith by the Debtor and its attorney in bringing the Temporary Restraining Order against the Defendants.

The Defendants contend that attorney's fees and reimbursement of costs are within the bankruptcy court's discretionary power to award and that the Debtor's attorney acted in bad faith in bringing the Motion for Temporary Restraining Order.

10. Based on the foregoing the following issues are before the court:

a. May attorney's fees be awarded to a prevailing party in a bankruptcy proceeding as a cost pursuant to Bankruptcy Rule 754?

b. Was the Motion for Temporary Restraining Order filed in bad faith or frivolously by the Debtor?

c. What is the appropriate amount of attorney's fees and/or costs, if any, to which the Defendants are entitled?

11. These Findings of Fact, insofar as they are Conclusions of Law, are incorporated by reference in the Conclusions of Law hereafter stated.

## CONCLUSIONS OF LAW

A. May attorney's fees be awarded to a prevailing party in a bankruptcy proceeding as a cost pursuant to Bankruptcy Rule 754?

1. Bankruptcy Rule 754(b) is the governing provision for judgments and costs. This rule provides:

(b) Costs. On one day's notice costs may be taxed and judgment therefor rendered by the court.

Rule 754(b) derives from Section 2(a)(18) of the Bankruptcy Act. Under Section 2(a)(18), the court had jurisdiction to "[t]ax costs and render judgment therefor against the unsuccessful party, against the successful party for cause, in part against each of the parties, and against estates, in proceedings under this Act".

2. Whether the taxing of costs under Section 2(a)(18) included attorney's fees is discussed in the treatise by Collier and in numerous court decisions. According to Collier,

[w]hile Section 2a(18) does not specifically authorize the taxing of attorney's fees as costs, neither does it prohibit the allowance, and the attorney's fees may be awarded within the exercise of the equitable powers of the bankruptcy court when not inconsistent with the Bankruptcy Act. 1 *Collier on Bankruptcy* ¶ 2.71 (14th ed. 1980).

The trend of case law on this issue is to tax attorney's fees as costs based upon the general equity powers of the bankruptcy courts. As stated by the court in *In re Swofford*, 112 F.Supp. 893 at 894 (D.Minn. 1952):

> The authority of the bankruptcy court to tax attorney's fees as costs, in the absence of statutory authorization, rests in its equitable jurisdiction, and such authorization is expressly invested by Section 2, sub. a, for the [Bankruptcy] Act.

█ 3. The United States Supreme Court has adopted as the American Rule that each party pays its own attorney's fees in litigation regardless of the outcome. *Alyeska Pipeline Service Co. v. Wilderness Society et al.*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975); *Fleischmann Distilling Corp. et al. v. Maier Brewing Co. et al.*, 386 U.S. 714, 87 S.Ct. 1404, 18 L.Ed.2d 475 (1967). One of the reasons supporting this rule as stated by the Supreme Court is

> [that] since litigation is at best uncertain one should not be penalized for merely defending or prosecuting a lawsuit, and that the poor might be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponent's counsel.

> *Fleischmann Distilling Corp. v. Maier Brewing Co. et al.*, 386 U.S. at 718, 87 S.Ct. at 1407.

In *Alyeska Pipeline Service Co. v. Wilderness Society et al.*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975) the Supreme Court held that attorneys' fees should not be awarded to the prevailing party in federal litigation in the absence of statutory authority or an enforceable contract. An exception to this rule exists when the unsuccessful party has acted in bad faith, vexatiously, wantonly or for oppressive reasons.

█ 4. In accordance with Supreme Court decisions and the equity jurisdiction of bankruptcy courts, attorneys' fees may thus be awarded to a prevailing party if the unsuccessful party has acted in bad faith.

B. Was the Motion for Temporary Restraining Order filed in bad faith or frivolously by the Debtor?

█ 5. The Debtor filed the Motion for Temporary Restraining Order in order to enjoin three former employees, who had formed a competitive partnership, from contacting and soliciting work from the Debtor's clients. This motion was based upon the affidavit of Boyd Prince, II, president of Airspeed Hawaii, Ltd. In his affidavit, Mr. Prince stated that several of the Debtor's customers were contacted by Mr. Patton, a former employee of Debtor. Mr. Patton informed the customers that the Debtor had ceased business operations and solicited work from them.

Attorney Stephen Nordyke notified Defendants Gary Patton and David Chabriel by telephone that Debtor would file a Motion for Temporary Restraining Order on August 28, 1980. Attorney Nordyke suggested they retain an attorney but failed to inform them as to the time they could properly object to the Motion for Temporary Restraining Order.

6. On August 29, 1980, the Court granted Debtors Motion for Temporary Restraining Order.

7. On September 5, 1980, a hearing on Defendant's Motion to Dissolve Temporary Restraining Order was held. The Court granted Defendant's motion based upon findings that there was inadequate notice to Defendants and that the Debtor had not yet filed a complaint for injunctive relief. It is important to note that the Court did not base its decision on the merits of the case, but rather on procedural grounds.

8. The Defendants have failed to show that the Debtor and/or its attorney acted in bad faith, vexatiously, or for oppressive rea-

sons by filing the Motion for Temporary Restraining Order. The Debtor's conduct shows nothing more than the desire to preserve its assets for a successful Chapter 11 reorganization. In the absence of a showing that the Motion for Temporary Restraining Order was brought in bad faith, there is no equitable basis to tax Defendants' attorney's fees upon the Debtor or its attorney.

C. What is the appropriate amount of attorney fees and/or costs if any, to which the petitioner is entitled?

9. The Motion for Taxation of Fees and Reimbursement of Costs requests attorney's fees and tax in the amount of $4,330.56. The total amount requested for reimbursement of costs is $277.00.

10. The supplemental affidavit of Erik R. Zen requests additional attorney's fees and tax in the amount of $736.32. The total amount requested for reimbursement of costs is $202.96.

11. On April 27, 1981, at the request of the Court, petitioner filed an affidavit verifying certain costs incurred.

12. Upon careful review of the Motion for Taxation of Fees and Reimbursement of Costs and the supplemental affidavits of Erik R. Zen, the Court has determined that the following deductions and adjustments be made for the reasons set forth below.

A. Motion for Taxation of Fees and Reimbursement of Costs

   (1) Attorney's fees and tax:   $4,330.56  
      Disallowed:   $4,330.56

Reason: As there has been no finding that the Motion for Temporary Restraining Order was brought in bad faith, the Court will not tax Defendants' attorney's fees upon the Debtor or its attorney.

   (2) Costs:

| Date | Deduction | Description | Reason |
|---|---|---|---|
| 9/3/80 | $37.00 | Dinner | No showing that expenses incurred were necessary |
| 9/4/80 | $32.00 | Witness fees | No cancelled check for Wong (FHB) |
| Total deduction: | | $ 69.00 | |
| Total award ($277.00 – $69.00): | | $208.00 | |

B. Supplemental affidavit of Erik R. Zen

   (1) Attorney's fees & tax: $736.22  
      Disallowed:   $736.22  
   (2) Costs:

| Date | Deduction | Description | Reason |
|---|---|---|---|
| 9/18/80 | $19.70 | U. S. Treasury Records Charges | Insufficient explanation |
| Total deduction: | | $ 19.70 | |
| Total award ($202.96 – $19.70): | | $183.26 | |

13. Applying the deductions above, the Court concludes that the Petitioner should be awarded $391.26 for reimbursement of costs.

14. These Conclusions of Law, insofar as they are Findings of Fact, are incorporated in the Findings of Fact herein.

Based on the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

a. The Defendants' Motion for Taxation of Attorney's Fees incurred in successfully dismissing the Temporary Restraining Order is denied as there has been no showing of bad faith on the part of the Debtor or its attorney.

b. The Debtor is ordered to pay the law firm of Hoddick, Reinwald, O'Connor and Marrack the amount of $391.26 as reimbursement of costs incurred in successfully dismissing the Temporary Restraining Order.