**In re SOUTHERN PIPELINE CORP., Debtor.**

**CONNER CONSTRUCTION COMPANY, Plaintiff,**

**v.**

**SOUTHERN PIPELINE CORP., Defendant.**

**Bankruptcy No. 75–2743–G.**

United States Bankruptcy Court, D. Massachusetts.

Aug. 23, 1982.

C. Hall Swaim, Hale & Dorr, Boston, Mass., for plaintiff.

Stephen F. Gordon, Widett, Slater & Goldman, P. C., Boston, Mass., for defendant.

MEMORANDUM AND ORDER ON PLAINTIFF'S REQUEST FOR AN AWARD OF ATTORNEY'S FEES

PAUL W. GLENNON, Bankruptcy Judge.

The plaintiff seeks an award of attorney's fees in connection with its renewed application for payment of its claim by the debtor-defendant. Its original claim, and the debtor's objection thereto, were transferred to Texas for a determination by the state courts there. After judgment had been rendered in favor of the plaintiff, and all appeals had been exhausted by the defendant, the plaintiff asked for but did not receive payment from the debtor. It then renewed its application in this court for payment on its claim.

The debtor objected on the ground that the previous orders of this court on this particular matter indicated that no payment was required by either party nor would any relief be granted until there had been a full and final judicial determination of the rights of the parties in the Texas state courts. In reliance on those orders, the debtor argued that there was still pending an appeal of an adverse judgment on a usury claim made by John R. Stanley, indi-

vidually. That suit by Mr. Stanley, who is one of the principals of the debtor, had been previously severed from the primary litigation between the parties before me now.

Based on those facts, I was satisfied that there was sufficient resolution of all disputes between these parties, and therefore granted the plaintiff's renewed request for payment. However, I reserved judgment on the plaintiff's request that there be an award of attorney's fees in connection with its renewed application.

■ While some courts and commentators feel that the bankruptcy court may authorize the taxing of attorney's fees as costs under § 2a(18) of the Act, 11 U.S.C. § 11a(18) [prior to its repeal by the Bankruptcy Reform Act of 1978, P.L. 95–598 (1978)], the better rule seems to be that the bankruptcy courts, as courts of equity, may award attorney's fees, in the absence of statutory authority, only when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Matter of Love*, 577 F.2d 344 (5th Cir. 1978); *In re Fulwiler*, 624 F.2d 908 (9th Cir. 1980); *Alyeska Pipeline Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975).

■ Here the debtor objected to payment on the sole ground that its president wished to press an appeal of his personal claim against this plaintiff, which claim had already been decided adversely to him. The court ordered payment by the debtor because it saw no advantage to creditors in delaying payment of an otherwise valid $340,000 obligation, which obligation has already accrued 2½ years of interest charges, and which might be delayed years further while the debtor's principal pursued innumerable appeals. Order of 4/21/82 at p.2. In fact, it is an individual officer of the debtor who wishes to pursue an appeal of a claim which will accrue only to his benefit, not the estate's, and for which the estate has no claim or right of set-off. I did not make any findings in my original order concerning the debtor's good faith in opposing the application of the plaintiff, but instead, specifically reserved such a finding.

The debtor's opposition, although based on its interpretation of this court's own orders, was not reasonable in light of the facts. This court has no interest in any recovery for his own benefit by John R. Stanley, nor is the estate to be benefitted in any way if Mr. Stanley is ultimately successful in his appeal. That fact is more than evident from the circumstances and the debtor certainly must have realized that. I must conclude that the debtor's opposition to the payment of its debt to the plaintiff was merely a dilatory tactic, designed to impede further the collection efforts of the plaintiff. The plaintiff has been denied the use of its money for five years while the debtor has retained the benefit of it. The debtor's conduct toward the plaintiff at this time can only be viewed as "vexatious" and "wantonly oppressive". Therefore, I think it proper and equitable to award the plaintiff a reasonable attorney's fee for having to appear and defend its right to immediate payment. Since no affidavits have been filed in support of the plaintiff's requests, I shall reserve further any decision as to the amount of such an award until affidavits or a statement of services rendered is filed with the court. The plaintiff shall have fifteen days from the date of this order in which to file the same. SO ORDERED.