### In re Billy Gene STAFFORD, Debtor.

### Cora TRAYLOR and Jerry Traylor, Claimants,

v.

### Billy Gene STAFFORD, Debtor.

### Bankruptcy No. LR 82-80.

United States Bankruptcy Court, E.D. Arkansas, W.D.

June 1, 1983.

Julius C. Acchione, Little Rock, Ark., for debtor.

H. William Cordell, Jr., Little Rock, Ark., for creditors Cora Traylor and Jerry Traylor.

## MEMORANDUM OPINION AND ORDER GRANTING DEBTOR'S OBJECTION TO THIRD AMENDED PROOF OF CLAIM OF CREDITORS, CORA AND JERRY TRAYLOR

ROBERT F. FUSSELL, Bankruptcy Judge.

In this Chapter 13 proceeding brought under Title 11 of the United States Code, the debtor has objected to the third amended proof of claim filed by creditors, Cora and Jerry Traylor, wherein, in addition to the amount of their unsecured claim of $1,500.00, they are also seeking their attorney's fees and costs of $1,197.50. The facts can be briefly stated from a review of the files and pleadings herein.

The debtor filed his Chapter 13 petition and plan on January 29, 1982 wherein he proposed a 20% payment to all unsecured creditors. On April 2, 1982, these creditors filed an objection to the confirmation of the debtor's plan objecting to the proposed payment to unsecured creditors. They also filed a proof of claim for damages for breach of contract seeking $3,000.00. This claim was disputed by the debtor.

The records, including briefs filed by all parties, reveal that the nature of the dispute between these parties involved a written contract and a subsequent request for judicial recission of the contract. The Bankruptcy Court, after hearing all the evidence and considering all documents on May 3, 1982, entered an Order June 8, 1982, allowing recission of the contract and granting this creditor a general unsecured claim of $1,500.00 effective upon certain conditions being met by the creditors. Subsequently, the debtors filed a Motion asking that the general unsecured claim of these claimants be disallowed because the claimants failed to comply with the conditions set out in the June 8, 1982 Order. The court denied this Motion and concluded that the debtor's remedy should be to seek credit for any amounts due for the claimants' failure to comply with the conditions at the time of settlement of claims. The debtor's plan was confirmed June 16, 1982 and in November, 1982, the court allowed the claimant's claim in the amount of $1,500.00 following the Trustee's unopposed Motion to allow claims.

On March 16, 1983, the claimants filed a third amended proof of claim, the subject of the debtor's objection now before the court. A hearing was held on this objection March

22, 1983 and the parties were ordered to submit to the court proposed findings of fact and conclusions of law on the issue raised in the objection on or before April 19, 1983.

The debtor avers that the claimants are not entitled to enhance their allowed claim of $1,500.00 with the addition of their attorney's fees because payment of these fees is not provided for either in the underlying contract between the parties or by statute. The claimants argue that they are entitled to attorney's fees because "it is within the court's equitable powers to award fees in commercial litigation to prevailing plaintiffs who recover a common fund for themselves and others, who preserved an alleged common fund and confer a benefit on a class, or who simply confer a common benefit upon a class," citing *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970) and *Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973). They state that no other creditor in the Chapter 13 case "did anything but file a proof of claim[;] the claimants through their attorney succeeded in their efforts to compel the debtor to increase his monthly plan payments and pay all creditors 100% of the amounts owed to them. While acting in their own behalf these claimants conferred substantial benefit to all creditors." The claimants attach a statement by their attorney detailing his time spent in pursuit of their claim and objection to the debtor's plan.

This court has determined that the debtor's objection to the third amended proof of claim should be granted and the addition of attorney's fees and costs to the claimants' proof of claim should be disallowed. The court, in reaching this decision, considered several factors including the following.

■ This request for attorney's fees and costs is contrary to the American Rule, which, generally stated is that, absent some statute or contract calling for a contrary result, each party in a litigation bears the costs of its own attorneys. *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975). The Eighth Circuit Court of Appeals is in agreement. *Caspe v. AAA-Con Auto Transport, Inc.,* 658 F.2d 613, 618 (1981). See also, *Wooster Republican Printing v. Channel 17, Inc.,* 533 F.Supp. 601, 603 (W.D.Mo.1981) and *Scott v. Mego International, Inc.,* 524 F.Supp. 74, 75 (D.Minn. 1981).

Further, creditors have been consistently denied attorney's fees in bankruptcy proceedings pursuant to the American Rule absent exceptional circumstances. E.g., *In Re Roberts,* 20 B.R. 914 (Bkrtcy.E.D.N.Y. 1981); *In Re Miller,* 14 B.R. 443 (Bkrtcy.E.D.N.Y.1981); *In Re Silverman,* 13 B.R. 270 (Bkrtcy.S.D.N.Y.1981). See also, *In re EDC Holding Co.,* 676 F.2d 945 (7th Cir.1982) wherein the court specifically held that "no allowance will be made to a creditor's attorney for proving his client's claim."

11 U.S.C. § 506(b) codifies only one statutory exceptional circumstance under the Bankruptcy Code which allows attorney's fees to a secured creditor to the extent that "an allowed secured claim is secured by property the value of which . . . is greater than the amount of such claim," and they are "provided [for] under the agreement under which such claims arose." *In Re Bradley,* Bankruptcy No. ED 78–08 (unreported decision, Fussell, B.J., W.D.Ark., January 27, 1983). See also *In Re Gregory,* 8 B.R. 256 (Bkrtcy.E.D.N.Y.1981). The facts in the instant case are not applicable, for these creditors are not secured and, in any event, concede there was no provision for payment of attorney's fees and costs in the contract between the parties. The creditors cite no statutory authority in the bankruptcy code or otherwise for departure from the American Rule.

One other circumstance acknowledged by courts, including bankruptcy courts, to be an exception to the American Rule that attorney's fees are not recoverable is that fees may be awarded to the prevailing party when his opponent has acted in bad faith, vexatiously, wantonly or for oppressive reasons. *In Re Vaniman Intern, Inc.,* 22 B.R. 166, 194 (Bkrtcy.E.D.N.Y.1982); *In Re Southern Pipeline Corp.,* 22 B.R. 671, 673 (Bkrtcy.D.Ma.1982); *In Re Auto Train Corp.,* 18 B.R. 119, 125 (Bkrtcy.D.Colo.1982); *In Re Airspeed Hawaii, Ltd.,* 17 B.R. 510,

513 (Bkrtcy.D.Haw.1982); and *In Re Miller,* 14 B.R. 443, 447 (Bkrtcy.E.D.N.Y.1981). The instant case appears to present simply a legitimate dispute between the parties. The creditors do not allege that the debtor acted in bad faith or vexatiously.

■ The sole reason advanced by the claimants for asking this court to depart from the American Rule is that it is "within the court's equitable powers to award fees in commercial litigation to prevailing plaintiffs who recover a 'common fund' for themselves and others, who preserved an alleged common fund and confer a benefit on a class, or who simply confer a common benefit upon a class," citing *Mills v. Elec. Auto-Lite Co., supra,* and *Hall v. Cole, supra.*

The creditors aver that the basis for this claim is that due to their sole objection to the debtor's plan and arguments pertaining thereto the debtor was in some way compelled to amend his Chapter 13 plan to provide a 100% payment to all unsecured creditors instead of the initially proposed 20%. The creditors arrive at an actual dollar amount for the difference between the two percentage proposals, and, presumably, although they do not so state, this represents the "common fund" they now claim to have recovered for the benefit of all other unsecured creditors.

The creditors raise a novel argument in support of their amended claim and suggest an additional exception to the American Rule, one not previously considered or recognized by bankruptcy courts as far as this court's research has been able to determine. The creditors cite no bankruptcy court decisions in support of their position. This court has determined that this additional exception to the American Rule is inapplicable in bankruptcy cases. The cases cited by the creditors are cases having to do with a class action suit and a shareholders suit. The Supreme Court recognized and allowed awards of attorney's fees, as an additional exception to the American Rule, because "[t]o allow the others [in the class] to obtain full benefit from the plaintiff's efforts without contributing equally to the litigation expenses would be to enrich the others unjustly at the plaintiff's expense." *Mills v. Electric Auto-Lite Co., supra,* 396 U.S. at 392, 90 S.Ct. at 625.

This Court has determined, however, that this additional exception to the American Rule allowed in class action lawsuits where one plaintiff prevails and recovers a sum certain or "common fund" which benefits not only himself but others not a party to the lawsuit is inapplicable in Chapter 13 bankruptcy cases. Payment of funds by a debtor into a Chapter 13 plan pursuant to the Bankruptcy Code, is not comparable to the payment of funds into a common fund. This is so because "funds" available for payment to creditors through a Chapter 13 plan are tenuous and solely dependent upon the debtor's ability to earn a steady income and his willingness to complete the plan. The tenuousness of these "funds" paid into the Chapter 13 Trustee is particularly so due to the various alternatives under the Code which are continuously available to the Chapter 13 debtor; namely, the debtor's absolute right to convert his case to a Chapter 7 straight liquidation or dismiss his Chapter 13 plan at any time simply upon his request [§ 1307(a) and (b) of the Bankruptcy Code]; the debtor's ability at any time prior to completion of payments under a confirmed plan to change the amount of payments to creditors or a particular class of creditors and to extend or reduce the payment period (§ 1329 of the Bankruptcy Code); and the court's discretion to grant a discharge to a debtor who has not completed payments under the plan in hardship situations (§ 1328(b) of the Bankruptcy Code).

The practical result of allowing these creditors to enhance their claim by adding attorney's fees and costs would be that they would receive a greater share of the Trustee's pro-rata distribution to creditors each month. If the plan was prematurely discontinued for any of the above stated reasons this creditor would necessarily have received a greater and disproportionate share of their claim than the other creditors. And the "benefit" these creditors now claim they have recovered for the other creditors would be nonexistent. In this court's opinion, then, given the variables

which ultimately determine the actual funds which may or may not be available under the plan for payment to creditors, these funds cannot be considered or even compared to a "common fund" or ascertainable recovery for the benefit of others.

Further, upon close examination of the attorney's detailed statement of time spent for services rendered in this case, which is attached to the third amended proof of claim, it appears to this court that virtually all of the attorney's time was spent in pursuit of the determination of his client's claim and recission of the contract between the parties rather than in seeking a 100% payment under the plan to all creditors. Additionally, after the date of the hearing which resulted in a final determination of the creditors' claim, the detailed statement by the creditors' attorney reveals that the attorney's time was spent on research and writing of a brief on recission and his clients' apparent failure to comply with the court's Order of June 8, 1982. The attorney's time sheets, construed most favorably on this issue of time spent on the amendment to the Chapter 13 plan, reflect that, at most, some time was spent preparing pleadings on April 1, 1982, a non-specific amount of time was spent at the hearing on May 3, 1982,[1] and only one reference was to a phone conference with the Chapter 13 Trustee regarding amendment to the plan on June 14, 1982. Thus, even if the court felt it could conclude that there exists another exception to the American Rule, the records would not support a conclusion that the creditors' attorney had spent much time on amendment of the debtor's plan. In fact the statement reflects that the vast amount of attorney time was spent pursuing his clients' claim and, as previously noted, creditors have been consistently denied attorney's fees in bankruptcy proceedings pursuant to the American Rule absent exceptional circumstances for this reason.

A Chapter 13 plan is a purely voluntary proposal on the part of the debtor to adjust and make monthly payments on those claims pending against him, and a 100% payment to all his creditors is an alternative always available to him. Confirmation of such plan by the bankruptcy court in no way creates a definite amount for payment of creditors; it is simply the debtor's voluntary best effort and the Code provides alternatives should he be unsuccessful. He is under no compulsion to complete his proposed payment.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the debtor's objection to the third amended proof of claim filed by Cora and Jerry Traylor for their attorney's fees as creditors in this proceeding be sustained and the claim is not allowable. It is further

ORDERED that the claim of creditors, Cora and Jerry Traylor be allowed as a general unsecured claim in the amount of $1,500.00.

---

1. The uncontradicted statement of the debtor is that only a very brief time at the hearing May 3, 1982 was devoted to his amendment to his plan.