In the Matter of Dave J. BINDL, Debtor.

Dave J. BINDL, Plaintiff,

v.

SPERRY FINANCIAL CORP. and Boardman, Suhr, Curry and Field, Defendants.

Adv. No. 82–0159.

United States Bankruptcy Court, W.D. Wisconsin.

Sept. 16, 1983.

Kenneth J. Doran, Madison, Wis., for plaintiff.

Gerald R. Slater, Boardman, Suhr, Curry & Field, Madison, Wis., for defendants.

ROBERT D. MARTIN, Bankruptcy Judge.

On March 27, 1981 the debtor entered into a retail installment contract for the purchase of a New Holland mower and header. Under the contract, the debtor was to pay 5 equal annual installments of $2,206.38 beginning March 1, 1982. In addition, the debtor made a $10,000.00 cash down payment and received credit for a $2,500.00 trade in. Under the terms of the installment contract, the seller was to retain title to the goods and "a security interest therein ... under the Uniform Commercial Code, to secure payment and performance of all obligations from the buyer." Seller assigned its interest in the contract to Sperry Financial Corporation ("Sperry").

On March 22, 1982 the debtor filed under chapter 7. Pursuant to a stipulation between the parties, the court entered an order effective June 9, 1982 terminating the automatic stay. Sperry then commenced a replevin action in Richland County Circuit Court, which action was removed to this court on the debtor's motion on June 25, 1982. The complaint includes a notice of default, allowing the debtor to cure before June 24 by making the overdue payment and in essence, reaffirming the debt. With his application for removal, the debtor filed a complaint seeking to restrain Sperry from attempting to impose personal liability on his obligation on the installment contract. Sperry filed an alternative motion to dismiss or to abstain. The debtor filed his motion for summary judgment, "enjoining the plaintiff from undertaking any action against the defendant except such action as is expressly permitted by the Wisconsin Consumer Act with regard to a default which has actually occurred, as distinguished from one which is or may be allegedly anticipated," and for award of attorney's fees under Wis.Stat. § 425.308.

On June 21, 1982, with the replevin action pending in Richland County, the debtor tendered the first annual installment, which had been due on March 1, 1982. Sperry subsequently filed an amended complaint in the removed case, treating the change in the debtor's financial position as an act of default, since the change impaired Sperry's expectation of due performance. In support of this contention, Sperry cited differences between the debtor's representation of his financial situation when he contracted for the mower and header, and the financial situation reflected in the schedules in his bankruptcy filing. These differences appear to show that the debtor's financial situation had deteriorated considerably in the interval between his making the agreement and his bankruptcy filing; in particular, the bankruptcy filings seemed to show that he had given up a good deal of his land, herd and farm equipment.

Sperry gave the debtor certain means of curing the alleged default. The debtor could enter into a reaffirmation agreement, subject to approval by this court; could sign a new promissory note, requiring monthly rather than annual payments; or could enter into a new security agreement, providing for equal monthly payments and waiver of Sperry's right to a deficiency judgment upon a subsequent default if the debtor provided proof that the collateral was insured against property damage for its fair market value. All proposed cures required the defendant to demonstrate financial ability to carry out his part of the agreement. The debtor did not accept any of these alternatives.

By letter dated July 5, 1983, attorney James E. Bartzen advised the court that the parties had reached a resolution of their dispute and that since there is no continuing controversy between the parties, Sperry's motion to dismiss or abstain was now moot. By his letter of July 6, 1983, Kenneth J. Doran, the debtor's attorney, advised the court that the mower and header had been sold, and that Sperry had accepted payment in full of its secured claim and agreed to satisfy its security interest. Doran, however, denied that the suit should be dismissed, because the debtor retained a claim for attorney's fees. Thus attorney Doran suggests that the dispute over the sole remaining issue, the debtor's entitlement to attorney's fees, requires determina-

tion of all other issues which have been raised in the case, and thus has asked for a full hearing prior to any dismissal of the suit.

Wis.Stat. § 425.308 provides that "if the customer prevails in an action arising from a consumer transaction, he shall recover the aggregate amount of costs and expenses determined by the court to have been reasonably incurred on his behalf in connection with the prosecution or defense of such action, together with a reasonable amount for attorney's fee." [1] The customer is thus entitled to an attorney's fee, if he prevails in an action. Read strictly and literally, this statute would not provide for recovery of such fee by the debtor since whether or not he has prevailed, he has prevailed by agreement and not "in an action." There are no reported appellate decisions interpreting this statute or most of the other Wisconsin statutes providing for recovery of attorney's fees by the prevailing party.

Of the federal statutes providing for recovery of attorney's fees by a prevailing party, the most familiar, and most frequently construed, provision is the Civil Rights Attorney's Fees Act, part of 42 U.S.C. § 1988, which provides that "in any action or proceeding to enforce [sections 1981 to 83, 1985, 1986 and various Civil Rights laws] . . . the court in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." Despite the slightly different syntax, this statute, like the Wisconsin statute here examined, allows the "prevailing party" "in any action or proceeding" an allowance for

attorney's fee. In *Maher v. Gagne,* 448 U.S. 122, 100 S.Ct. 2570, 65 L.Ed.2d 653 (1980), the United States Supreme Court held that a judicial determination is not required to establish who is the prevailing party, and a settlement which results in the achievement of most of the relief sought may also provide a basis for an attorney's fee award under 42 U.S.C. § 1988. 448 U.S. at 129, 100 S.Ct. at 2574–75. Various Courts of Appeals decisions have similarly held that the focus is on the outcome of the case—whether by judicial determination, consent arrangement, settlement, or other change in rule or conduct, the goal sought by the plaintiff was achieved.[2]

Thus if the Wisconsin language is to be interpreted in light of the quite similar language of the federal statute governing attorney's fees in civil rights actions, it appears that "prevail in an action" really means the achievement of a goal which had been sought in the form of a complaint before a court. Arguably, however, the purposes of the two statutes, the Civil Rights Attorney's Fees Act, and Wis.Stat. § 425.308 differ considerably. The federal act seeks to encourage private enforcement of constitutional and statutory provisions aimed at improving the lot of large groups within the society, and enforcing constitutional principles across the board (the "private attorney general" concept). Also, the Civil Rights Attorney's Fees Act is principally directed against states and state officials.[3] To a greater extent the Wisconsin Consumer Act contemplates actions whose real substance is the resolution of individual complaints and grievances.[4] That is, while

---

1. It is not questioned that Bindl is a "customer" and the underlying transaction a "consumer transaction" in the contemplation of the Wisconsin Consumer Act. Wis.Stat. § 421.301(13) and (17).

2. *See, e.g., Iranian Students Association v. Edwards,* 604 F.2d 352, 353 (5th Cir.1979). ("The proper focus is whether the plaintiff has been successful on the central issue . . . as exhibited by the fact that he has acquired the primary relief sought.")

3. This is not true of many of the other *federal* statutes providing for award of attorney's fees,

however. *See, e.g.* the Clayton Act, 15 U.S.C. § 15; Fair Labor Standards Act, 29 U.S.C. § 216(b); TILA 15 U.S.C. § 1640(a). But in general the purpose of such an award is furthering "a policy that Congress considered of the highest priority." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 416, 98 S.Ct. 694, 698, 54 L.Ed.2d 648 (1978).

4. The purpose of the Wisconsin Consumer Act as a whole is declared to be, *inter alia,* "[t]o protect customers against unfair, deceptive, false, misleading and unconscionable practices by merchants." Wis.Stat. § 421.102(2)(b). The policy of the subchapter concerned with

the Wisconsin Consumer Act is intended to protect consumers from oppressive behavior, the individual action is more narrowly focused on the individual plaintiff and its enforcement goal is enhanced by encouraging aggrieved consumers to retain counsel which they might not otherwise be able to afford. Since most recoveries under the Wisconsin Consumer Act could be expected to be fairly small, the award of attorney's fees may well be necessary to carry out its protection.

Bindl's complaint before this court sought the following relief:

1. an order restraining Sperry from imposing personal liability on the subject contract, so long as he is not in default on payment;

2. an order restraining Sperry from proceeding with the state action of replevin;

3. a holding that Sperry is in contempt for violation of 11 U.S.C. § 362;

4. removal of the case to this court; and

5. an order that Sperry pay the plaintiff's costs, disbursements, and attorney's fee.

The substance of debtor's demand, therefore, is that the court enjoin Sperry from making any demand as to personal liability on the debtor, and to bring the replevin proceeding into this court. It seems hardly open to doubt, however, that plaintiff expected that Sperry would fail in its replevin action upon removal, since plaintiff contended that he had cured his default by tendering the overdue payment prior to filing the application for removal and complaint.

While neither side has to date submitted a copy of any written agreement they may

have, it appears from the correspondence that the debtor has surrendered the collateral to Sperry, and apparently has not agreed to pay any deficiency upon the sale of the equipment. Thus, insofar as plaintiff's goal was to avoid a deficiency, he seems to have achieved it, but insofar as his purpose in bringing the action was to prevent a replevin, he has apparently agreed to the equivalent. It thus appears that the relief which the debtor sought in this court falls into two categories: (1) bankruptcy relief (discharge of personal liability on the debt, enforcement of the automatic stay, and removal to this court), and (2) nonbankruptcy relief under the Wisconsin Consumer Act (preventing replevin of the mower and header, and award of attorney fees under Wis.Stat. § 425.308).

For all purposes except where the law clearly provides otherwise, bankruptcy courts follow the "American rule" as to the award of attorney's fees to the prevailing party—such fees are not granted as part of costs.[5] By comparison, the Wisconsin Consumer Act is mandatory in its terms: a customer who prevails in an action under this Act shall be awarded reasonable attorney's fees.

In reviewing to what extent the debtor has prevailed—and accepting, *arguendo,* that for present purposes a party may "prevail" by consensual means, it appears that the debtor has prevailed on the thrust of his claim under bankruptcy law *per se:* he is relieved of personal liability on his debt to Sperry Financial Corporation. The secondary bankruptcy issue of contempt is, for all intents and purposes moot, and debtor's prevailing motion for removal is essentially nugatory. No applicable bankruptcy law

customer's remedies, Wis.Stat. § 425.301 *et seq.,* is stated to be that of putting the "customer as the aggrieved party . . . in at least as good a position as if the creditor had fully complied with chs. 421 to 427." *Id.,* subsec. (1).

**5.** Attorney fees must be granted when directed by a bankruptcy statute, *e.g.* 11 U.S.C. § 523(d) (debtor prevailing on dischargeability of consumer debt), or may be granted in the exercise of the inherent powers of a court of equity in

certain exceptional situations, such as gross misconduct of a party or bad faith. *See, e.g. In Re Vaniman International, Inc.,* 22 B.R. 166, 194 (Bkrtcy.E.D.N.Y.1982); *In Re Southern Pipeline Corp.,* 22 B.R. 671, 672 (Bkrtcy.D. Mass.1982). *Cf. Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). *See also In Re Hammett,* 28 B.R. 1012, 1014–1017 (E.D.Pa. 1983) and cases cited at 1015.

provides for the award of attorney's fees to this debtor, since the claims do not relate to the *statutory* authority to impose fees in cases of successful resistance to a claim of nondischargeability of a consumer debt, nor is there a present allegation of the exceptional misconduct which could support a claim for fees under the court's equitable powers.

■ Under the debtor's state claims, his demand for attorney's fees is ultimately without merit for the simple reason that the focus of his state law contention is that he had cured any default and was thus entitled to continued possession of the mower and header. But his agreement with Sperry has resulted in the surrender of the very equipment he sought to retain. Thus he has not prevailed, and his claim for attorney's fees under Wis.Stat. § 425.308 cannot succeed.

The debtor is not entitled to prevail on his demand for attorney's fees under the Wisconsin Consumer Act, since his settlement did not result in the relief he sought under the Act. He did prevail in his pursuit of bankruptcy remedies, but the Code does not provide for award of attorney's fees on this debtor's claims. The dismissal of this action must therefore extend to any claim of the debtor for reimbursement of attorney's fees; and it is so ordered.

